FILED
FEBRUARY 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1074

JUDGE MAROVICH
MAGISTRATE JUDGE DENLOW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND AND WELFARE FUNDS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. <br><br> Judge |
| ATM ENTERPRISES, LTD. an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds"), by their attorneys, John J. Toomey, of Arnold and Kadjan, complain against Defendant, ATM ENTERPRISES, LTD., an Illinois corporation, as follows:

### COUNT I

### JURISDICTION AND VENUE

1.  (a)  Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended and 29 U.S.C. 185.

    (b)  Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Fund as described in Paragraph 2, is administered and 29 U.S.C. 185(c).

## PARTIES

2. (a) Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") and have standing to sue pursuant to 29 U.S.C. 1132(a)(3) and named as third party beneficiaries of the written collective bargaining agreement.

(b) The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS have been established pursuant to collective bargaining agreement previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

3. (a) ATM ENTERPRISES, LTD., an Illinois corporation, employs persons represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees and to act as guarantor for the payment of those contributions pursuant to Article 4.3 of the Area Wide Material Hauling Agreement and to assume the liability for such payment under Article 4.5.

(b) ATM ENTERPRISES, LTD., is an Illinois corporation, with its principal place of business at South Elgin, Illinois.

(c) ATM ENTERPRISES, LTD., an Illinois corporation, is an employer engaged in an industry affecting commerce.

4. ATM ENTERPRISES, LTD., an Illinois corporation, entered into an Area Wide Material Hauling Agreement for the period June 1, 2006 through May 31, 2009 which requires contributions to the Funds pursuant to 29 U.S.C. 1145.

. 5. Pursuant to the collective bargaining agreement between ATM ENTERPRISES, LTD., an Illinois corporation, and the Union, ATM ENTERPRISES, LTD., has failed and continues to fail to make its obligated contributions to the Fund for the period July, 2005 through December, 2006, as disclosed in an audit which took place on November 15, 2007 and furnished to the employer for review and resolution.

6. The audit disclosed $164,704.13 due the Pension Fund and $301,564.84 due the Welfare Fund for a total of $466,268.97 through December 31, 2006. The sums due for the calendar year 2007 are undetermined and an audit for that period is sought.

WHEREFORE, Plaintiffs pray:

A. This court enter judgment in favor of the Plaintiffs and against ATM ENTERPRISES, LTD., an Illinois corporation, in the amount of the audit, $466,268.97.

B. That this court award the plaintiffs their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and the relevant collective bargaining agreements and trust agreements.

C. The court enjoin ATM from further operation until the debt is paid.

D. That the Court grant such further relief as is proper.

## COUNT II

1-6. Plaintiffs restate and reallege Paragraphs 1-6 of Count I as Paragraphs 2-6 of Count II as if fully set forth herein.

7. Pursuant to the terms of the contract and the trust agreements establishing the Funds, Employer is required to make its books and records available to the Funds for audit.

8. The Funds have attempted to obtain the books and records of the Defendant for an audit for the period January 1, 2007 through December, 2007. Counsel made a written request upon ATM's counsel prior to filing suit which was declined..

9. Without an order directing an audit be performed and delinquencies paid thereunder for the calendar year 2007, Plaintiffs are unable to fulfill their fiduciary duties under the Plan.

10. The amount presently due cannot be ascertained without an audit.

WHEREFORE, Plaintiffs pray:

A. That the Court order an audit of Defendant's books and records for the period January, 2007 through the present to determine the actual amounts due and owing.

B. That judgment be entered against the corporation and in favor of the Plaintiffs in the amount shown to be due under the audit.

C. That the Plaintiffs be awarded all relief provided for under 29 U.S.C. 1132(g)(2) including interest, 20% liquidated damages, costs and attorneys' fees.

D. That the Court enjoin the corporation from operation without making the Fund whole for its past delinquencies, and the grant of security for its current contributions.

E. Such other relief as the Court may deem appropriate.

## COUNT III

1-6. Plaintiffs restate and reallege Paragraphs 1-6 of Count I as Paragraphs 2-6 of Count III as if fully set forth herein.

.   7.   Pursuant to ATM's Area Wide Material Hauling Agreement, Article 1.5 ATM recognized the Union as the exclusive bargaining agent for all work described in Article 1.4.

8.  Pursuant to Article 4.2 the subcontracting provisions of the collective bargaining agreement, ATM agreed that the terms of the subcontract would provide that all terms of its collective bargaining agreement would be followed:

> 4.2   The Contractor (ATM) shall neither sublet nor hire any such employers unless the employees of such employers are paid an amount equal to the wages and fringe benefits being paid to (ATM) Employees working under this Agreement.
>
> 4.3   The subcontract (between ATM and subcontractor) shall further require the subcontractor to sign an agreement with the Union requiring the subcontractor to make payments to the Health and Welfare Fund and the Pension Fund referred to in Articles 10 and 11 of this Agreement… The contract shall be a guarantor for such payments.

9.  ATM breached the subcontracting provisions of the collective bargaining agreement as it applies to Pension and Welfare benefits by:

   a.  Failing to require in its subcontracting agreements that the subcontractor abide by all of the terms of the Area Hauling Agreement as required under Articles 4.2 and 4.5 and 20.1.

   b.  Sublet to and hired employees as subcontractors who did not pay amounts equal to the wages and fringe benefits being paid to its ATM employees working under this agreement as required under Articles 4.2 and 4.5 and 20.1.

   c.  The ATM subcontract did not require the subcontractor to sign an agreement to make contributions to the Plaintiff Funds as required under Article 4.3.

   d.  ATM failed to act as a guarantor for payment of the subcontractor as required under Article 4.3 or assume any liability for failure of anyone to pay.

   e.  ATM subcontracted when there was not full compliance with the Article 4 itself in breach of Article 4.5.

5

  f. ATM agreed to assume any liability for failure of anyone performing work covered by this agreement who is not being paid the proper rates under Article 4.5 and 20.1.

  g. Failed to post a surety bond for pension and welfare as required under Articles 10.1(J) and 11.1(J)..

10. As a result of ATM's breach of the contract articles, the Funds have been damaged.

11. Upon being notified of the delinquency, ATM failed to post a $50,000 surety bond with the Trust for welfare and $50,000 for pension as required by the contract Articles 10(J) and 11(J) to guarantee the payment of such benefit contributions.

12. Employer/subcontractor guarantee clauses contained in a collective bargaining agreement are enforceable.  <u>Laborers Pension Fund v. Concrete Structures of the Midwest</u>, 999 F..2d 1209 (7th Cir. 1993) such as contained in Articles 4.3, 4.5 and 20.1 herein

13. Demand for payment upon ATM as guarantor has been made prior to bringing suit.

WHEREFORE, Plaintiffs pray:

A. The court determine ATM has breached the contract.

B. The court award damages to the Fund resulting from the breach in the form of benefit contributions in a sum equal to that which they would have received if the agreement between ATM and the Union have been fully performed by all parties.

C. The court hold ATM liable as both a breaching party, and as a guarantor for such payments who has agreed to assume liability of anyone performing the work to pay proper benefit rates.

D.  The court grant the Plaintiff Funds interest, costs and attorneys fees under 29 U.S.C. 1132(g)(2).

E.  The court enjoin ATM from further operation until the delinquencies sought in the audit are paid.

## COUNT IV

## INJUNCTIVE RELIEF

1.  Paragraphs 1 through 13 of Count III are incorporated by reference herein as if fully set forth herein.

14.  The audit shows $466,268.97 in known delinquent contributions and such additional amounts as will be shown in 2007 which will excess such sums for which ATM has contractually promised to be a guarantor and agreed to in writing to assume any liability.

15.  The audit was furnished to ATM counsel to resolve any challenges. Demand for payment was made and not received and no bond was secured.

16.  Given the amounts involved which with the new audit will be about $1 million dollars, there is a strong likelihood that ATM will be unable to satisfy a judgment in this case which presents a threat of irreparable harm to the Plaintiffs.

17.  ATM's failure to pay the promised benefits for which it guaranteed works a substantial hardship on the Funds and threatens the actuarial soundness of the Funds.

19.  The Fund faces further irreparably harmed in connection with the loss of investment opportunities on the monies.

20.  ERISA permits the court to grant other equitable relief including injunctive relief.

7

WHEREFORE, Plaintiffs seek that a permanent injunction be entered against ATM, its officers, agents and successors from:

    A.    Continuing in operation until the delinquency is paid.

    B.    ATM be permanently restrained from paying other creditors before the Plaintiffs.

    C.    ATM be restrained from liquidating accounts or equipment during this litigation.

    D.    ATM be restrained from transferring or assigning customers to other employers as a broker to evade obligations.

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS WELFARE AND
PENSION FUNDS

By: _____
One of Its Attorneys

John J. Toomey
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415