## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS,<br><br>    Plaintiffs,<br><br>v.<br><br>A.T.M. ENTERPRISES, LTD., an Illinois Corporation,<br>    Defendant.<br>---<br>A.T.M. ENTERPRISES, INC., a Corporation,<br><br>    Counter-Plaintiff/Defendant,<br>v.<br><br>TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS,<br><br>    Counter-Defendants/Plaintiffs. | 08 C 1074<br><br>Judge Marovich<br><br>JURY TRIAL DEMANDED |

### ANSWER TO COMPLAINT AND COUNTERCLAIM

NOW COMES the Defendant, A.T.M. ENTERPRISES, LTD. ("ATM"), and for its Answer to Plaintiffs' Complaint, states as follows:

### COUNT I
### JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended and 29 U.S.C. 185.

**ANSWER:** **Defendant admits that jurisdiction is asserted by Plaintiffs under Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 and 29 U.S.C. 1145, as amended.**

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this district, where the Fund as described in Paragraph 2, is administered and 29 U.S.C. 185(c).

**ANSWER:** **Defendant admits that venue is proper in this Court.**

## PARTIES

2. (a) Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") and have standing to sue pursuant to 29 U.S.C. 1132 (a)(3) and named as third party beneficiaries of the written collective bargaining agreement.

**ANSWER:** **Defendant admits that the Plaintiffs are "Trustees" of said Funds but denies that they have standing to bring suit.**

(b) The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS have been established pursuant to collective bargaining agreement previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

**ANSWER:** **Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 2(b) of the Plaintiffs' Amended Complaint, therefore, Defendant denies such allegations.**

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

**ANSWER:** **Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 2(c), therefore, Defendant denies such allegations.**

3. (a) A.T.M. ENTERPRISES, LTD., is an Illinois corporation, employs persons represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees and to act as guarantor for the payment of those contributions pursuant to Article 4.3 of the Area Wide Material Hauling Agreement and to assume the liability for such payment under Article 4.5.

ANSWER:  **Defendant admits that it is an Illinois corporation.  Defendant admits that it employs certain persons represented by the General Teamsters, Chauffeurs, Salesdrivers and Helpers Local 330, Affiliated with the International Brotherhood of Teamsters ("Union"). Defendant denies the remaining allegations made in this paragraph.**

      (b)    A.T.M. ENTERPRISES, LTD., an Illinois corporation, with its principal place of business at South Elgin, Illinois.

ANSWER:  **Defendant admits that it is an Illinois corporation.  Defendant denies the remaining allegations made in this paragraph.**

      (c)    A.T.M. ENTERPRISES, LTD., an Illinois corporation, is an employer engaged in an industry affecting commerce.

ANSWER:  **Defendant admits the allegations made in this paragraph.**

      4.    A.T.M. ENTERPRISES, LTD., an Illinois corporation, entered into an Area Wide Material Hauling Agreement for the period June 1, 2006 through May 31, 2009 which requires contributions to the Funds pursuant to 29 U.S.C. 1145.

ANSWER:  **Defendant admits that it entered in to an Area Wide Material Hauling Agreement for the period June 1, 2006 through May 31, 2009 ("CBA"). Defendant admits that the CBA requires contributions for certain employees, but denies that it is liable to the Funds for contributions pursuant to 29 U.S.C. 1145.**

      5.    Pursuant to the collective bargaining agreement between A.T.M. ENTERPRISES, LTD., an Illinois corporation, and the Union, A.T.M. ENTERPRISES, LTD., has failed and continues to fail to make its obligated contributions to the Funds for the period July, 2005 through December, 2006, as disclosed in an audit which took place on November 15, 2007 and furnished to the employer for review and resolution.

ANSWER:  **Defendant admits that it was furnished with an audit report which audit took place on or about November 15, 2007 and covered the period from July, 2005 to December, 2006. Defendant denies that remaining allegations made in this paragraph.**

6. The audit disclosed $164,704.13 due the Pension Fund and $301,564.84 due the Welfare Fund for a total of $466,268.97 through December 31, 2006. The sums due for the calendar year 2007 are undetermined and an audit for that period is sought.

**ANSWER: Defendant admits that the audit claims $164,704.13 due the Pension Fund and $301,564.84 due the Welfare Fund for a total of $466,268.97 through December 31, 2006. Defendant has not received a request for an audit for the calendar year 2007 and, therefore, deny the remaining allegations made in this paragraph.**

Wherefore, Defendant prays that Count I of Plaintiffs' Complaint be dismissed with prejudice and that Court award it such other relief deemed just and equitable.

## COUNT II

1-6. Plaintiffs restate and reallege Paragraphs 1-6 of Count I as Paragraphs 2-6 of Count II as if fully set forth herein.

**ANSWER: Defendant restates and realleges its answers to paragraphs 1-6 of Count I as Paragraphs 2-6 of Count II as if fully set forth herein.**

7. Pursuant to the terms of the contract and the trust agreements establishing the Funds, Employer is required to make its books and records available to the Funds for audit.

**ANSWER: Defendant does not have copies of the trust agreements; therefore, defendant denies that the trust agreements requires defendant to make its books and records available for an audit. Defendant denies that the contract (CBA) requires defendant to make its books and records available to the Funds for an audit.**

8. The Funds have attempted to obtain the books and records of the Defendant for an audit for the period January 1, 2007 through December 31, 2007. Counsel made a written request upon ATM's counsel prior to filing suit which was declined.

**ANSWER: Defendant requested a copy of any such demand that may have been made upon ATM's former counsel but not have not received any such demand; therefore, defendant denies these allegations.**

9. Without an order directing an audit be performed and delinquencies paid thereunder for the calendar year 2007, Plaintiffs are unable to fulfill their fiduciary duties under the Plan.

**ANSWER:** **Defendant denies the allegations made in this paragraph.**

10. The amount presently due cannot be ascertained without an audit.

**ANSWER:** **Defendant denies the allegations made in this paragraph.**

Wherefore, Defendant prays that Count II of Plaintiffs' Complaint be dismissed with prejudice and that Court award it such other relief deemed just and equitable.

## COUNT III

1-6. Plaintiffs restate and reallege Paragraphs 1-6 of Count I as Paragraphs 2-6 of Count II as if fully set forth herein.

**ANSWER:** **Defendant restates and realleges its answers to paragraphs 1-6 of Count I as Paragraphs 2-6 of Count II as if fully set forth herein.**

7. Pursuant to ATM's Area Wide Material Hauling Agreement, Article 1.5 ATM recognized the Union as the exclusive bargaining agent for all work described in Article 1.4.

**ANSWER:** **Defendant denies the allegations made in this paragraph.**

8. Pursuant to Article 4.2 the subcontracting provisions of the collective bargaining agreement, ATM agreed that the terms of the subcontract would provide that all terms of its collective bargaining agreement would be followed:

> 4.2 The Contractor (ATM) shall neither sublet nor hire any such employers unless the employees of such employers are paid an amount equal to the wages and fringe benefits being paid to (ATM) Employees working under this agreement.
>
> 4.3 The subcontract (between ATM and subcontractor) shall further require the subcontractor to sign an agreement with the Union requiring the Subcontractor to make payments to the Health and Welfare Fund and the

>Pension Fund referred to in Articles 10 and 11 of this Agreement...The contract shall be a guarantor for such payments.

**ANSWER:    Defendant admits that the language cited from Articles 4.2 and 4.3 are contained in the CBA, but defendant denies that it represents the complete collective bargaining agreement.  Defendant denies it agreed that the terms of all of its subcontracts would provide that all terms of its collective bargaining agreement would be followed. Answering further, denies that it breached the CBA.**

9. ATM breached the subcontracting provisions of the collective bargaining agreement as it applies to Pension and Welfare benefits by:

   a. Failing to require in its subcontracting agreements that the subcontractor abide by all the terms of the Area Hauling Agreement as required under Articles 4.2 and 4.5 and 20.1.

   b. Sublet to and hired employees as subcontractors who did not pay amounts equal to the wages and fringe benefits being paid to its ATM employees working under this agreement as required under Articles 4.2 and 4.5 and 20.1.

   c. The ATM subcontract did not require the subcontractor to sign an agreement to make contributions to the Plaintiff Funds as required under Article 4.3.

   d. ATM failed to act as guarantor for payment of the subcontractor as required under Article 4.3 or assume any liability for failure of anyone to pay.

   e. ATM subcontracted when there was not full compliance with the Article 4 itself in breach of Article 4.5.

   f. ATM agreed to assume any liability for failure of anyone performing work covered by this agreement who is not being paid the proper rates under

Article 4.5 and 20.1.

g. Failed to post a surety bond for pension and welfare as required under Articles 10.1 (J) and 11.1(J).

**ANSWER:** **Defendant denies the allegations made in this paragraph.**

10. As a result of ATM's breach of the contract articles, the Funds have been damaged.

**ANSWER:** **Defendant denies the allegations made in this paragraph.**

11. Upon being notified of the delinquency, ATM failed to post a $50,000.00 surety bond with the Trust for welfare and $50,000.00 for pension as required by the contract Articles 10(J) and 11(J) to guarantee the payment of such benefit contributions.

**ANSWER:** **Defendant denies the allegations made in this paragraph. Answering further, defendant states that any dispute involving any obligation for defendant to post a $50,000 surety bond for welfare and pension has been resolved.**

12. Employer/subcontractor guarantee clauses contained in a collective bargaining agreement are enforceable. Laborers Pension Fund v. Concrete Structures of the Midwest, 999 F.2d 1209 (7th Cir. 1993) such as contained in Articles 4.3, 4.5 and 20.1 herein.

**ANSWER:** **Defendant denies the allegations made in this paragraph.**

13. Demand for payment upon ATM as guarantor has been made prior to bringing suit.

**ANSWER:** **Defendant admits that Plaintiffs made demand for payment prior to bringing suit. Defendant denies that it is a guarantor and also denies that it is liable for payment.**

Wherefore, Defendant prays that Count III Plaintiffs' Complaint be dismissed with prejudice and that Court award it such other relief deemed just and equitable.

## COUNT IV

## INJUNCTIVE RELIEF

1. Paragraphs 1 through 13 of Count III are incorporated by reference herein as if fully set forth herein.

**ANSWER:  Defendant restates and realleges its answers to paragraphs 1-6 of Count I as Paragraphs 2-6 of Count II as if fully set forth herein.**

14. The audit shows $466,268.97 in known delinquent contributions and such additional amounts as will be shown in 2007 which will excess such sums for which ATM has contractually promised to be a guarantor and agreed to in writing to assume any liability.

**ANSWER:  Defendant admits that the audit claims $466,268.97 is due, but defendant denies that it owes said amount to Plaintiffs.  Defendant denies the remaining allegations in this paragraph.**

15. The audit was furnished to ATM counsel to resolve any challenges.  Demand for payment was made and not received and no bond was secured.

**ANSWER:  Defendant admits that the audit was furnished to defendant's former counsel to resolve any challenges.  Defendant admits that it did not pay the amount claimed due.  Answering further, defendant states that it resolved any claim for it to secure a bond.  Defendant denies that the money claimed due by Plaintiffs is owed to them.**

16. Given the amounts involved which with the new audit will be about $1 million dollars, there is a strong likelihood that ATM will be unable to satisfy a judgment in this case which presents a threat of irreparable harm to the Plaintiffs.

**ANSWER:  Defendant denies the allegations made in this paragraph.**

17. ATM's failure to pay the promised benefits for which it guaranteed works a substantial hardship on the Funds and threatens the actuarial soundness of the Funds.

**ANSWER:  Defendant denies the allegations made in this paragraph.**

19. [sic] The Fund faces further irreparably harmed in connection with the loss of investment opportunities on the monies.

**ANSWER:    Defendant denies the allegations made in this paragraph**

20.    ERISA permits the court to grant other equitable relief including injunctive relief.

**ANSWER:    Defendant admits the allegations made in this paragraph, but denies that such relief is appropriate.  Answering further, Defendant denies that Plaintiffs have established or can establish the elments for injunctive relief.**

Wherefore, Defendant prays that Count IV Plaintiffs' Complaint be dismissed with prejudice and that Court award it such other relief deemed just and equitable.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted because Plaintiffs lack standing to file this action.

2.    Articles 4 and 20.1 of the CBA, in whole or in part, are invalid, unenforceable and illegal.

## JURY TRIAL DEMANDED

Defendant demands a trial by jury.

## COUNTERCLAIM

NOW COMES the Counter-Plaintiff/Defendant, A.T.M. ENTERPRISES, LTD.("ATM"), by and through its attorneys, BERGLUND & MASNTY, P.C, and for its COUNTERCLAIM against the Counter-Defendants/Plaintiffs, The TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds")   states as follows:

1.    Subject matter jurisdiction over this action arises under the laws of the United States and is brought pursuant 28 U.S.C. 1331 and pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder as hereinafter more fully appears.

2.    The Funds have filed a Complaint in this District, which was assigned No. 08 C 1074,

against ATM wherein Funds allege that they have been established pursuant to a collective bargaining agreement previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers.

3. The Funds are administered within this District.

4. The Funds allege in their Complaint that ATM is bound to make contributions for weeks worked by its subcontractors who perform work which would otherwise be performed by employees and to act as guarantor for the payment of those contributions pursuant to Article 4.3 of the Area Wide Material Hauling Agreement executed between the ATM and the General Teamsters, Chauffeurs, Salesdrivers and Helpers Local 330, Affiliated with the International Brotherhood of Teamsters ("Union") and that ATM assumed the liability for such payment under Article 4.5.

5. The Funds further allege in their complaint that ATM breached the subcontracting provisions of the collective bargaining agreement as it applies to Pension and Welfare benefits by:

   a. Failing to require in its subcontracting agreements that the subcontractor abide by all the terms of the Area Hauling Agreement as required under Articles 4.2 and 4.5 and 20.1.

   b. Sublet to and hired employees as subcontractors who did not pay amounts equal to the wages and fringe benefits being paid to its ATM employees working under this agreement as required under Articles 4.2 and 4.5 and 20.1.

   c. The ATM subcontract did not require the subcontractor to sign an agreement to make contributions to the Plaintiff Funds as required under Article 4.3.

   d. ATM failed to act as guarantor for payment of the subcontractor as required under Article 4.3 or assume any liability for failure of anyone to pay.

   e. ATM subcontracted when there was not full compliance with the Article 4

itself in breach of Article 4.5.

  f. ATM agreed to assume any liability for failure of anyone performing work covered by this agreement who is not being paid the proper rates under Article 4.5 and 20.1.

  g. Failed to post a surety bond for pension and welfare as required under Articles 10.1 (J) and 11.1(J).

  6. ATM disputes and denies that it is delinquent and has breached its obligations to Defendants.

  7. ATM also disputes and denies that the provisions of Articles 4 and 20.1 of the Area Wide Material Hauling Agreement are enforceable, valid, and legal.

  8. An actual and justiciable controversy exists between the Funds and ATM which is ripe for judicial review.

  WHEREFORE, ATM prays that this Honorable Court enter a judgment finding and declaring the rights of the parties as follows:

  A. Declare that ATM has not breached its obligations to the Funds;

  B. Declare that Articles 4 and 20.1 of the Area Wide Agreement are, in whole or in part, unenforceable, invalid and/or illegal; and

  C. Award ATM such other relief deemed just and equitable.

**JURY TRIAL DEMANDED**

Counter-Plaintiff/Defendant demands a trial by jury.

        Respectfully submitted,
        A.T.M. ENTERPRISES, LTD.

        By: s/ Joseph P. Berglund
           One of Its Attorneys

Joseph P. Berglund
Kenneth M. Mastny
Berglund & Mastny, P.C.
900 Jorie Boulevard, Suite 122
Oak Brook, Illinois 60523
(630) 990-0234