IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, ) ) ) ) | |
| Plaintiffs/CounterDefendant ) ) | No. 08 C 1074 |
| v. ) ) | |
| ) | Judge Marovich |
| ATM ENTERPRISES, LTD., an Illinois corporation, ) ) ) | Magistrate Judge Denlow |
| Defendant/CounterPlaintiff ) ) | |
| ATM ENTERPRISES, INC., a corporation ) ) | |
| Third Party Plaintiff, ) ) | |
| v. ) ) | |
| GENERAL TEAMSTERS, CHAUFFEURS, SALESDRIVERS AND HELPERS LOCAL 330, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ) ) ) ) ) | |
| Third Party Defendant. ) | |

**PLAINTIFF FUNDS' MOTION TO DISMISS
ATM'S COUNTERCLAIM AND
<u>STRIKE AFFIRMATIVE DEFENSES ONE AND TWO</u>**

NOW COMES the Plaintiff/CounterDefendant, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS and pursuant to FRCP 12(b)(6) and 14(a) move to strike and dismiss the Counterclaim as follows under Rule 12(f).

1

1. ATM responded to the 29 U.S.C. 1145 delinquency action against the Defendant on April 14, 2008 by Answering and posing two Affirmative Defenses as follows:

> 1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted because Plaintiffs lack standing to file this action.
>
> 2. Articles 4 and 20.1 of the collective bargaining agreement in whole or in part, are invalid, unenforceable and illegal.

2. The basis of such conclusions are not set forth in the pleading and no factual basis is alleged in the pleading.

Additionally, ATM plead a Counterclaim that restates the allegations of the Complaint and at Paragraph 7 of the Counterclaim alleges the identical allegation of the Second Affirmative Defense:

> 7. ATM also disputes and denies that the provisions of Article 4 and 20.1 of the Area Wide Hauling Agreement are enforceable, valid and legal.

3. Pursuant to FRCP 12(f), the Counterclaim is a redundant matter as it is identical to the denials contained in the Answer and Affirmative Defense Two and is brought solely to unnecessarily multiply the proceedings prohibited under 28 U.S.C. 1927 and fails to state a cause of action.

4. Article 20 and Article 4 of the collective bargaining agreement attached to the Plaintiffs' Complaint as Exhibit 1 contains a union standard subcontracting clause wherein ATM agrees at Paragraph 4.3:

> "The contractor shall be a guarantor for such payments"

Page 6 and at Paragraph 4.5 ATM agrees to assume liability .

9. Regarding the sufficiency of ATM's First Affirmative Defense that the Funds lack standing, fringe benefit funds have standing to assert claims for breach of the collective bargaining agreement that affect the Funds' collection of contributions under the LMRDA and ERISA. <u>Laborers Pension Fund v. Blackmore Sewer Construction</u>, 298 F.3d 600, 609 (7th Cir. 2002) addressing fund standing to enforce the agreement and 298 F.3d 606 regarding signing the contract as conclusive evidence that the employer intends to be bound to the agreement.

WHEREFORE, Plaintiff/CounterDefendant prays that the Counterclaim be dismissed for failing to state a cause of action as it is redundant under FRCP 12(f) as merely a re-statement of ATM's Second Affirmative Defense and that the First and Second Affirmative Defenses be stricken as insubstantial in law.

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS WELFARE AND
PENSION FUNDS, Plaintiffs/CounterDefendant

By: _____
One of Its Attorneys

JOHN J. TOOMEY
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Suite 300
Chicago, Illinois 60604
(312) 236-0415