IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, <br><br> Plaintiffs/CounterDefendant <br><br> v. <br><br> ATM ENTERPRISES, LTD., an Illinois corporation, <br><br> Defendant/CounterPlaintiff <br>_____ <br> ATM ENTERPRISES, INC., a corporation <br><br> Third Party Plaintiff, <br><br> v. <br><br> GENERAL TEAMSTERS, CHAUFFEURS, SALESDRIVERS AND HELPERS LOCAL 330, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, <br><br> Third Party Defendant. | No. 08 C 1074 <br><br> Judge Marovich <br><br> Magistrate Judge Denlow |

## PLAINTIFF FUNDS' MOTION TO STRIKE OR SEVER FOR SEPARATE TRIAL OF THIRD PARTY CLAIM

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds"), by their attorney, John J. Toomey, Arnold and Kadjan, and pursuant to FRCP 14(a) move to sever the third party action filed by Defendant/Third Party Plaintiff against the Union and Teamsters 330, named as Third Party Defendant. In support of its Motion, Plaintiffs state as follows.

1.  Plaintiffs filed a 29 U.S.C. 1145 delinquency action against Defendant on February 21, 2008. Service was accomplished on March 24, 2008.

2.  Defendant answered the Complaint on April 14, 2008.

1

3.      On April 14, 2008 Defendant filed a third party action against Teamsters Local 330 seeking indemnity from the Union for any sums it is required to pay the Funds. The undersigned counsel does not represent the Third Party Defendants who may possess their own basis for objection and/or dismissal.

4.      Laborers Pension Fund v. A & C Environmental, 301 F.3d 768 at 778-79 (7th Cir. 2002) rejected fraud in the inducement or oral promises to disregard the text as a defense to a fringe benefit action as set forth in Central States v. Gerber Truck Service, 870 F.2d 1140, 1152-53 (7th Cir. 1989 en banc):

> "Section 515 was intended to permit trustees of plans to recover
> delinquent contributions efficaciously and without regard to
> issues which might arise under labor management relations law
> (quoting 126 Con. Rec. 23039).

5.      Moriarty v. Svec, 164 F.3d 323, 330 (7th Cir. 2000) determined that contributions are owed on the principal owner as there is no contractual exception to payment. Martin v. Garman, 945 F.2d 1000 (7th Cir. 1986) contributions are owed unless the contract has been repudiated.

6.      The Seventh Circuit in A & C Environmental at 301 F.3d 768 at 379 cites with approval Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). The Ninth Circuit concluded impleading the union is inconsistent with the purposes of ERISA in providing a streamlined and simplified procedure for funds to collect delinquent contributions. Wright, Miller & Kane Federal Practice & Procedure 2d §1443 (1990) a motion for leave to file a third party action is properly denied if it will introduce unrelated issues and unduly complicate the original suit.

7.      As Rozay's determined impleader would complicate and lengthen the trial and introduced extraneous question that are irrelevant to the fringe benefit collection case and so denied the impleader. The severed action was reviewed in Rozay's II, 850 F.2d 1321 (9th Cir. 1987).

8.      The third party claim is irrelevant and immaterial to the 29 U.S.C. 1145 collection action and does not constitute a valid defense to the action.

9.      Defendant's counsel routinely brings such third party claims in ERISA collection actions <u>Carpenters Pension Fund v. FVE,</u> 00 C 7685 (N.D. Ill. 11/30/01, Hibbler) dismissing third party action for failure to plead a cause of action (attached) and in <u>Suburban Teamsters v. Hope Cartage</u>, 02 C 8775 (N.D. Ill. Zagel)

10.     <u>Laborers Pension Fund v. McKinney Construction</u>, 2000 WL 1727779 (N.D. Ill. 2000 attached) wherein the court denied an untimely attempt by an employer to third party in a union to raise defenses that could not be raised against the fund following <u>Rozay's</u> and <u>Massachusetts Laborers Fund v. Varrasso</u>, 111 FRD 62 (D. Mass. 1986).

WHEREFORE, Plaintiffs pray that the third party action be stricken as the claim needlessly complicates the fringe benefit collection case. Plaintiffs pray alternatively the third party action be severed from the fringe benefit collection case and tried as a separate proceeding.

                         TRUSTEES OF THE SUBURBAN
                         TEAMSTERS OF NORTHERN ILLINOIS
                         WELFARE AND PENSION FUNDS

                         By: _____
                               One of Its Attorneys

JOHN J. TOOMEY
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

3