IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, <br><br>    Plaintiffs, <br><br>    v. <br><br> A.T.M. ENTERPRISES, LTD., an Illinois Corporation, <br><br>    Defendant. <br> ------------------------------------------------------------- <br> A.T.M. ENTERPRISES, INC., <br> a Corporation, <br><br>    Third-Party Plaintiff, <br>    v. <br><br> GENERAL TEAMSTERS, CHAUFFEURS, SALESDRIVERS AND HELPERS LOCAL 330, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, <br><br>    Third-Party Defendant. | 08 C 1074 <br><br> Judge Marovich <br><br> JURY TRIAL DEMANDED |

**AMENDED**
**THIRD-PARTY COMPLAINT**

NOW COMES Defendant/Third-Party Plaintiff, A.T.M. ENTERPRISES, INC, ("ATM"), and, pursuant to Fed. R. Civ. P. 14 AND 18(a), as and for its Amended Third-Party Complaint against GENERAL TEAMSTERS, CHAUFFEURS, SALESDRIVERS AND HELPERS LOCAL 330, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ("Union"), states as follows:

**COUNT I**
**(Indemnification)**

**JURISDICTION AND VENUE**

1.   ATM is an Illinois corporation with its place of business in this District.

2.   The Union is a labor organization within the meaning of § 301(a) of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and as described in § 2(5) of the LMRA, 29 U.S.C. § 152(5) with its principal place of business in Elgin, Illinois.

3. Jurisdiction is proper under Section 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), under 28 U.S.C. § 1331, and under 28 U.S.C. §1367.

4 Venue is proper in this district under 29 U.S.C. § 185(b).

## FACTS

5. The TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") filed a Complaint in this District, which was assigned No. 08 C 1074 ("complaint"), against ATM wherein Funds allege that they are third party beneficiaries of an Area Wide Material Hauling Agreement executed between ATM and the Union.

6. The Funds also allege in their Complaint that ATM is bound to make contributions for weeks worked by its subcontractors who perform work which would otherwise be performed by employees and to act as guarantor for the payment of those contributions pursuant to Article 4.3 of the Area Wide Material Hauling Agreement executed between the ATM and the Union and that ATM assumed the liability for such payment under Article 4.5.

7. The Funds further allege in their Complaint that ATM breached the subcontracting provisions of the collective bargaining agreement as it applies to Pension and Welfare benefits by:

    a. Failing to require in its subcontracting agreements that the subcontractor abide by all the terms of the Area Hauling Agreement as required under Articles 4.2 and 4.5 and 20.1.

    b. Sublet to and hired employees as subcontractors who did not pay amounts equal to the wages and fringe benefits being paid to its ATM employees working under this agreement as required under Articles 4.2 and 4.5 and 20.1.

    c. The ATM subcontract did not require the subcontractor to sign an

    agreement to make contributions to the Plaintiff Funds as required under Article 4.3.

  d. ATM failed to act as guarantor for payment of the subcontractor as required under Article 4.3 or assume any liability for failure of anyone to pay.

  e. ATM subcontracted when there was not full compliance with the Article 4 itself in breach of Article 4.5.

  f. ATM agreed to assume any liability for failure of anyone performing work covered by this agreement who is not being paid the proper rates under Article 4.5 and 20.1.

  g. Failed to post a surety bond for pension and welfare as required under Articles 10.1 (J) and 11.1(J).

8. ATM disputes and denies that it is delinquent and has breached its obligations under the Area Wide Material Hauling Agreements. ATM asserts that it has done everything required of it under the Area Wide Material Hauling Agreement.

9. ATM required its owners/drivers and/or subcontractors to sign an agreement with the Union as set forth in the Area Wide Material Hauling Agreement but the Union refused and/or failed to so sign ATM's owners/drivers and/or subcontractors.

10. The Union's refusal and/or failure to sign an agreement with ATM's owners/drivers and/or subcontractors as set forth in the Area Wide Material Hauling Agreement caused the Funds to file their Complaint against ATM.

11. The Union thereby breached its agreement with ATM and its duty to act in good faith. As a result, the Union caused damaged to ATM and must pay and reimburse ATM for all damages incurred by ATM as a result of the foregoing acts and/or omissions including but not limited to attorney's fees incurred by ATM and any sums of money that ATM is ordered to pay to the Funds.

12..     ATM was required to employ the services of legal counsel to defend the Complaint filed by the Funds and to initiate this action against the Union.

WHEREFORE, ATM prays:

A.     That this Honorable Court enter judgment in favor of ATM and against the Union for actual damages incurred by ATM as a result of the Union's acts and/or omissions as described in the foregoing Third-Party Complaint, including but not limited to any sums of money ATM is ordered to pay to Funds, plus attorneys' fees and costs incurred by ATM in defending the action initiated by the Funds and in bringing this action; and

B.     For such other relief deemed just and equitable by this Court.

## COUNT II

### (Declaratory Judgment)

### JURISDICTION AND VENUE

1-8.     ATM restates and realleges paragraphs 1-8 of Count I as paragraphs 1-8 of this count II as if fully set forth herein.

9.     ATM also disputes and denies that the provisions of Articles 4 and 20.1 of the Area Wide Material Hauling Agreement are enforceable, valid, and legal.

10.     An actual and justiciable controversy exists between the Funds, Union and ATM which is ripe for judicial review.

WHEREFORE, ATM prays that this Honorable Court enter a judgment finding and declaring the rights of the parties as follows:

A.     Declare that ATM has not breached its obligations under the Area Wide Material Hauling Agreement;

B.     Declare that Articles 4 and 20.1of the Area Wide Material Hauling Agreement are, in whole or in part, unenforceable, invalid and/or illegal; and

C.     Award ATM such other relief deemed just and equitable.

**JURY TRIAL DEMANDED**

Third-Party Plaintiff demands a trial by jury.

                                        Respectfully submitted,
                                        A.T.M. ENTERPRISES, LTD.


By:    s/ Joseph P. Berglund
           One of Its Attorneys


Joseph P. Berglund
Kenneth M. Mastny
Berglund & Mastny, P.C.
900 Jorie Boulevard, Suite 122
Oak Brook, Illinois 60523
(630) 990-0234


J:\C-Drive\WPDOCS\ATM ENTERPRISES LTD\AmendedThirdPartyComplaint.wpd