IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| A.T.M. ENTERPRISES, LTD., an Illinois Corp., | ) ) | |
| Defendant. | ) ) | Case No. 08 C 1074 |
| _____ | ) ) | Judge Marovich |
| A.T.M. ENTERPRISES, INC, an Illinois Corp., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| TEAMSTERS LOCAL 330, | ) ) | |
| Third-Party Defendant. | ) | |

**THIRD-PARTY DEFENDANT'S LOCAL RULE 56.1
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Third-Party Defendant Teamsters Local Union No. 330 ("Local 3300" or "Union"), through its attorneys Dowd, Bloch & Bennett, submits this Statement of Undisputed Material Facts as to which there is no genuine issue:

1.   The Union is a labor organization within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and as described in Section 3(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), with its principal place of business in Elgin, Illinois.

1

(ATM Compl. ¶ 2.)

2. Third-Party Plaintiff A.T.M. Enterprises, LTD ("ATM") is an Illinois corporation with its place of business in this District. (ATM Compl. ¶ 2.)

3. ATM filed an action, pursuant to Fed. R. Civ. P. 14, asserting jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C.§ 185(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue under 29 U.S.C. § 185(a). (ATM Compl.¶¶ 3, 4.)

4. The Trustees of the Suburban Teamsters of Northern Illinois Welfare and Pension Funds ("Funds") filed a complaint against ATM, based on an agreement between the Union and ATM, seeking among other things to recover benefit fund contributions from ATM for work performed by its owner-operators and/or subcontractors. (Answer; ATM Compl.at 4 ¶ 10.)

5. Dominic Romanazzi ("Romanazzi") has been President and Principal Officer of the Union since January 1, 2004. (Romanazzi Aff. ¶ 2.)

6. As President and Principal Officer, Romanazzi supervises, conducts and controls all of the business and affairs of the Union. (Romanazzi Aff. ¶ 2.)

7. As President, Romanazzi is the only Union official with the authority to sign agreements on behalf of the Union. (Romanazzi Aff. ¶ 3.)

8. Employers and individual owners and operators of trucking equipment ("owner-operators") may interact with other officers and business agents of the Union. Those entities may negotiate with, request agreements from or propose agreements to other Union agents, but Romanazzi must review, approve and sign all such agreements on behalf of the Union. (Romanazzi Aff. ¶ 4.)

9. Since Romanazzi took office, every agreement between any employer or owner-operator and the Union, and between the Union and any other entity, has been reviewed, approved and signed by Romanazzi on behalf of the Union. (Romanazzi Aff. ¶ 5.)

10. The Union and ATM entered into a collective bargaining agreement, known as the Local 330 Area Wide Material Hauling Agreement ("Agreement") on January 31, 2007, which is effective by its terms from June 1, 2006 through May 31, 2009. (Romanazzi Aff. ¶ 6 Ex. A.)

11. On February 21, 2008, Romanazzi filed a grievance against ATM pursuant to the grievance and arbitration provisions of the Agreement, alleging that ATM was required to post a surety bond, pursuant to Article 10(j) of the Agreement, to cover wage and benefit contributions for which ATM was the "guarantor" under Article 4 of the Agreement. (Romanazzi Aff. ¶ 7, Ex. B.)

12. On February 26, 2008, Romanazzi sent a letter to ATM requesting, in part, that ATM respond the Union's outstanding grievances, which at that time included the February 21 grievance and a grievance dated December 5, 2007, which also alleged violations of Article 4 of the Agreement. Romanazzi later declared the December 5 grievance null and void. (Romanazzi Aff. ¶ 8, Ex. C.)

13. On February 27, 2008, ATM's President Ted Memmoli responded to Romanazzi's February 26 letter stating, in part, that ATM had "taken steps that may have been required of its brokers to sign agreements with Local 330. However, your office failed to sign them to an agreement." (Romanazzi Aff. ¶ 9, Ex. D.)

14. On March 4, 2008, Romanazzi filed another grievance alleging that ATM violated Article 4 of the Agreement and requested as part of the remedy that "ATM abide by the current

contract including Article 4." (Romanazzi Aff. ¶ 10, Ex. E.)

15. On March 7, 2008, Romanazzi sent a letter to ATM which, among other things, clarified that the March 4 grievance was limited to ATM's obligations under Article 4 to assure that subcontractors and owner-operators received "an amount equal to" wages and benefits in the Agreement and to act as a "guarantor" for wage and benefit payments not made by subcontractors and owner-operators. (Romanazzi Aff. ¶ 11, Ex. F.)

16. On May 7, 2008, Romanazzi filed another grievance seeking information relating to ATM's liability under Article 4 of the Agreement for work performed by subcontractors. (Romanazzi Aff. ¶ 12, Ex. G.)

17. Romanazzi scheduled the February 21, March 4 and May 7 grievances for a hearing before a Labor/Management Committee pursuant to the grievance and arbitration provision of the Agreement for June 5, 2008. (Romanazzi Aff. ¶ 13, Ex. A at 7-8.)

18. There is a dispute between the Union and ATM regarding the status of the February 21 and March 4 grievance, but ATM has agreed to proceed with the Labor/Management Committee hearing on June 5 with respect to the May 7 grievance. (Romanazzi Aff. ¶ 13.)

19. The Union is continuing to pursue the February 21 and March 4 grievance. (Romanazzi Aff. ¶ 13.)

20. Romanazzi has never failed or refused to sign an agreement with any employer, owner-operator or any other person or entity who requested, proposed or otherwise indicated to him that they desired or were willing to sign an agreement that would obligate them to make payments to the Funds established by Articles 10 and 11 of the Agreement in the same amounts or upon the same terms and conditions as employers signatory to the Agreement or that would

obligate them to make equivalent contributions to the Teamsters National 401(k) Savings Plan.

(Romanazzi Aff. ¶ 14, Ex. A at 14-19.)

                                        Respectfully submitted,

                                        /s/ Robert S. Cervone
                                        Robert S. Cervone

Robert S. Cervone
Robert E. Bloch
Dowd, Bloch & Bennett
8 South Michigan Avenue - 19th Floor
Chicago, IL 60603
(312) 372-1361