IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS,<br><br>           Plaintiffs,<br><br>   v.<br><br>A.T.M. ENTERPRISES, LTD., an Illinois Corporation,<br><br>           Defendant. | 08 C 1074<br><br>Judge Marovich |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM AND STRIKE AFFIRMATIVE DEFENSES ONE AND TWO**

NOW COMES Defendant/Counter-Plaintiff, A.T.M. ENTERPRISES, INC, ("ATM"), for its Response to the Motion to Dismiss Counterclaim and Strike A.T.M.'s First and Second Affirmative Defenses, filed by Plaintiffs/Counter-Defendants, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds"), and in support thereof states as follows:

1. The Funds filed their Motion to Dismiss ATM's Counterclaim and Strike Affirmative Defenses One and Two on April 30, 2008. Although it is unclear exactly what rule the Funds are moving under, the Motion states that "pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and 14(a) move to strike and dismiss the Counterclaim as follows under Rule 12(f)." (Pls.' Mot. at 1). However, the Funds do not further cite to FRCP 12(b)(6) or 14(a), and do not cite any law relevant to either of these rules. Thus, the Funds waived any such arguments by failing to develop them.

2. The Funds' first argument asserts that the basis of the conclusions in the affirmative defenses are not set forth in the pleading and no factual basis is alleged in the pleading.

3. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PRO. 8(a)(2). "Specific facts are not necessary; the statement need only ' 'give the defendant fair notice of what the ...

claim is and the grounds upon which it rests.' ' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (slip op., at 7-8) (quoting Conley v. Gibson, 355 U.S. 41, 47(1957)).

    4.    ATM's affirmative defenses are as follows:

        1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted because Plaintiffs lack standing to file this action.

        2.    Articles 4 and 20.1 of the collective bargaining agreement in whole or in part, are invalid, unenforceable and illegal.

    5.    Both affirmative defenses give notice to the Funds as to what the claim is and the grounds upon which they rest. The first affirmative defense that the Complaint fails to state a claim, and the reason it fails to state a claim is because the Funds lack standing to file the action.

    6.    The second affirmative defense specifically states that Articles 4 and 20.1 of the CBA are invalid, unenforceable and illegal. These defenses are sufficient to meet the notice pleading requirements of Federal Court, and further specific facts are not required.

    7.    Judge Zagel, in denying a motion to strike affirmative defenses filed by the Funds' attorney in a separate action, aptly explained the court's disfavor with such motions:

> The Federal Rules of Civil Procedure allow a court to strike from any pleading any insufficient defense or redundant, immaterial, impertinent or scandalous matter, but motions to strike affirmative defenses are disfavored. R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc., No. 99 C 1174, 2001 WL 747422 (N.D.Ill. Jun.29, 2001). Such motions are not granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." Id. Thus, affirmative defenses will not be stricken if they are sufficient as a matter of law or if they present questions of law or fact. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir.1989). Generally, motions to strike affirmative defenses are disfavored because they potentially serve only to cause delay. Id. at 1294. Courts will generally only allow such motions when the affirmative defenses are "patently defective and could not succeed under any circumstances." Mobley v. Kelly Kean Nissan, Inc., 864 F.Supp. 726, 732 (N.D.Ill.1993). "[C]ourts in the Northern District of Illinois will strike an affirmative defense as legally insufficient if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the Complaint." DataQuill, Ltd. v. Handspring, Inc., No. 01 C 4635, 2001 WL 1183290 (N.D.Ill. Oct.4, 2001). I must construe the affirmative defenses in the light most favorable to the defendants and accept all well pleaded facts and allegations in the affirmative defenses as true. Id.

Suburban Teamsters of Northern Illinois Welfare and Pension Funds v. Hope Cartage, Inc., 2003 WL 22116201 at *1 (N.D.Ill. Sept. 12, 2003). (Opinion attached hereto as Exhibit A.)

ATM's affirmative defenses do not qualify as patently defective and unable to succeed under any circumstances, and should not be stricken by the Court.

8. The Funds also argue that under FRCP 12(f), the Counterclaim is a redundant matter because it is identical to the denials contained in the Answer and second Affirmative Defense. This argument must fail for two reasons: 1) the Funds have not demonstrated any harm either to it or to the efficient conduct of this case if the counterclaim stands; and 2) the counterclaim seeks relief beyond just the negation of the Funds' asserted claims.

9. "Rule 12(f) allows a party to move to strike material in a pleading under certain circumstances where that material is redundant, immaterial, impertinent or scandalous, or where it constitutes an insufficient defense." U.S. v. State of Ill., 803 F. Supp. 1338, 1340 (N.D.Ill. 1992).

10. Moreover, a party moving under FRCP 12(f) for a redundant pleading must demonstrate harm either to it or to the efficient conduct of the case. U.S. v. State of Ill., 803 F. Supp. at 1342.

11. The Funds have failed to demonstrate any harm to them or the efficient conduct of the case as a result of a redundant pleading. In U.S. v. State of Ill., Judge Plunkett refused to strike defendants' affirmative defenses where the plaintiff argues that because the defendants denied the material allegations in the complaint, the affirmative defenses were redundant. Id. Even if Plaintiffs were correct, which defendant denies, they must demonstrate harm to themselves or the efficient conduct of the case. Id. The counterclaim stems from the same nucleus of facts as both the complaint and the affirmative defenses, and will not result in additional litigation or burden on the Court or the parties.

12. Moreover, the counterclaim is seeking relief beyond just the defeat of the Funds' original claim. "Counterclaims and affirmative defenses are different in that a counterclaim seeks affirmative relief whereas an affirmative defense only attempts to defeat a plaintiff's cause of action." Ramada Franchise Systems, Inc. v. Royal Vale Hospitality of Cincinnati, Inc., 2005 WL 435263 at *10 n.16 (N.D. Ill. Feb 16, 2005).

13. The counterclaim is a declaratory judgment action, seeking not only to declare

that ATM has not complied with its obligations to the Funds, but also to declare that Articles 4 and 20.1 of the Area Wide Agreement are, in whole or in part, unenforceable, invalid and/or illegal. (Def.'s Answer and Counterclaim at p. 11). ATM's counterclaim seeks more than to specifically defeat the Funds' Complaint - it also serves to declare the applicable provisions of the CBA as unenforceable, invalid and/or illegal, which would apply to *any* future action brought under those provisions of the CBA by *any* party. Clearly, the Counterclaim seeks affirmative relief beyond specifically negating the Funds' cause of action. As such, the distinction between the affirmative defense and the Counterclaim belies any redundancy alleged by the Funds under FRCP 12(f).

14.   The Funds also assert that Articles 4 and 20 of the CBA are standard subcontracting clauses and that ATM assumed responsibility as a guarantor for payments. Not only is this argument irrelevant to the immediate motion, it ignores the fact that a person or entity cannot be a guarantor when there is no underlying obligation, such as where the Articles imposing the obligation are invalid, unenforceable, and/or illegal, which is the case in this action.

15.   The Funds' final argument is that ATM's First Affirmative Defense, which avers that the Funds lack standing, is insufficient because fringe benefit funds have standing to assert claims for breach of the collective bargaining agreement that affect the Funds' collection of contributions under the LMRDA and ERISA. In support of their claim that the non-legal entities have standing, the Plaintiffs' cite to Laborers' Pension Fund v. Blackmore Sewer Construction, 298 F.3d 600, 609 (7th Cir. 2000). However, the issue of a non-legal entities legal right to standing was never addressed in Blackmore Sewer and is not a dispositive of the issue involved in this case. ATM does not dispute that fringe benefit funds generally may file suit, however, the suit must be brought by the funds in the name of a fiduciary (i.e. Its administrator or a named trustee). See e.g. Attached Exhibit B: Complaint filed by Terrence J. Hancock, William Logan, John Lisner, Dale Bolt, Brad Webb, James Buik, Michael I. Richardson, and Edward Denormandie as Trustees of Local No. 731, International Brotherhood of Teamsters, Garage Attendants, Linen and Laundry Health & Welfare Fund, et. al. v. Mizera Chevrolet-Buick, Inc.,

4

08 CV 3330.

16.     The named plaintiffs in this action are "Trustees of the Suburban Teamsters of Northern Illinois Welfare and Pension Funds." The plaintiffs are not legal entities. Unless authorized by statute, an entity that is not a person at law has no capacity to sue. Moffat Tunnel League v. U.S., 289 U.S. 113, 118 (1933). It is also well established that trust funds are not enumerated parties under ERISA, 29 USC § 1132(a)(3) and although participants, beneficiaries and fiduciaries may vindicate their rights under ERISA, the funds themselves do not have standing to do so. Carpenters Fringe Benefit Fund of Illinois v. Bi-State Loading Dock Specialists, Inc., 790 F. Supp 1410, 1410-11 (S.D. Ill. 1992). Plaintiffs cannot bring this action as non-legal entities. As such, Defendant's Second Affirmative Defense is sufficient and should not be stricken. Rather, Plaintiffs should be ordered to amend the Complaint to name a person or persons that do have standing to bring this action.

WHEREFORE, Defendant/Counter-Plaintiff, A.T.M. ENTERPRISES, LTD., prays this Honorable Court deny Plaintiffs/Counter-Defendants' Motion to Dismiss Counterclaim and Strike Affirmative Defenses One and Two, to order Plaintiffs' counsel to name as Plaintiffs the proper person or persons that have legal standing to bring an action against Defendant, and for such other relief deemed just and equitable.

> Respectfully submitted,
>
> ATM ENTERPRISES, LTD.
>
> By:   /s/ Joseph P. Berglund
>           One of Its Attorneys

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-2229
(630) 990-0234

J:\C-Drive\WPDOCS\ATM ENTERPRISES LTD\Response to Plaintiffs' Motion to Dismiss ATM's Counterclaim and Strike Affirmative Defenses.wpd