# EXHIBIT

# A



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22116201 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22116201 (N.D.Ill.))**

Page 1

H
Suburban Teamsters of Northern Illinois Welfare and Pension Funds v. Hope Cartage, Inc.
N.D.Ill.,2003.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois.
FUNDS
v.
HOPECARTAGE
No. 02 C 8775.

Sept. 12, 2003.

John Joseph Toomey, Steven F. McDowell, Arnold & Kadjan, Chicago, IL, for plaintiff.
Joseph Patrick Berglund, Berglund & Niew PC, Oakbrook, IL, Roger N. Gold, Roger N. Gold, Ltd., Chicago, IL, for defendant/third-party plaintiffs.
ZAGEL, J.

*1 The Trustees of the Suburban Teamsters of Northern Illinois Welfare and Pension Funds ("Funds") filed a Complaint against Hope Cartage, Inc. ("Hope") seeking recovery of fringe benefit contributions owed pursuant to a collective bargaining agreement. Hope has answered the Complaint and posed six affirmative defenses. The Funds have moved to strike all six affirmative defenses, but since filing the motion, Hope has withdrawn defense five.

The Federal Rules of Civil Procedure allow a court to strike from any pleading any insufficient defense or redundant, immaterial, impertinent or scandalous matter, but motions to strike affirmative defenses are disfavored. *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.,* No. 99 C 1174, 2001 WL 747422 (N.D.Ill. Jun.29, 2001). Such motions are not granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings."*Id.* Thus, affirmative defenses will not be stricken if they are sufficient as a matter of law or if they present questions of law or fact.*Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989). Generally, motions to strike affirmative defenses are disfavored because they potentially serve only to cause delay. *Id.* at 1294.Courts will generally only allow such motions when the affirmative defenses are "patently defective and could not succeed under any circumstances."*Mobley v. Kelly Kean Nissan, Inc.,* 864 F.Supp. 726, 732 (N.D.Ill.1993)."[C]ourts in the Northern District of Illinois will strike an affirmative defense as legally insufficient if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the Complaint."*DataQuill, Ltd. v. Handspring, Inc.,* No. 01 C 4635, 2001 WL 1183290 (N.D.Ill. Oct.4, 2001). I must construe the affirmative defenses in the light most favorable to the defendants and accept all well pleaded facts and allegations in the affirmative defenses as true. *Id.*

In this case, I will not strike the five remaining affirmative defenses. Defense one-that contributions sought by the Funds are illegal since they are not based upon hours worked-is legally sufficient. *See Mazzei v. Rock-N-Around Trucking, Inc.,* 246 F.3d 956 (7th Cir.2001). Defense two-that the Funds waived any right to receive contributions-is also legally sufficient. Defense three-that the Funds are estopped from demanding contributions since they represented to Hope that it was not obligated to pay contributions to them-demonstrates a factual issue as to whether the Funds are estopped from seeking contributions. *See Teamsters & Employers Welfare Trust of Illinois v. Gorman Bros. Ready Mix,* 283 F.3d 877, 883 (7th Cir.2002). The same is true with defense four-that the Funds' Complaint and the relief sought is barred by the Doctrine of Laches. *See id.* at 882.Finally, defense six-that the contributions sought by the Funds are illegal since said contributions are sought for the employer, which is a one-man corporation-is also valid. In *Giardono v. Jones,* 867 F.2d 409, 411-12 (7th Cir.1989), the Seventh Circuit held that the owner of a business

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT A

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2003 WL 22116201 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22116201 (N.D.Ill.))**

cannot possess the dual status of both employer and employee and noted that a fundamental requirement of ERISA is that "the assets of a plan shall never inure to the benefit of any employer." Accordingly, "a one-person corporation must use a Koegh plan rather than an ERISA plan for its solitary employee." *In re Baker,* 114 F.3d 636, 639 (7th Cir.1997). Thus, there is at least a factual issue as to whether the Funds are entitled to collect contributions on behalf of Hope's owner.

*2 For the reasons above, the Funds' Motion to Strike Affirmative Defenses is DENIED.

N.D.Ill.,2003.
Suburban Teamsters of Northern Illinois Welfare and Pension Funds v. Hope Cartage, Inc.
Not Reported in F.Supp.2d, 2003 WL 22116201 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT

# B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON, and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND, | ) FILED:    JUNE 9 , 2008<br>)       08CV3330<br>)       JUDGE NORGLE<br>)       MAGISTRATE JUDGE NOLAN<br>)       NF<br>)<br>) |
| and | ) Case No.<br>) |
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER, and MICHAEL RICHARDSON as Trustees of LOCAL No. 731, INTERNATIONALBROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND, | )<br>)<br>) Judge:<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MIZERA CHEVROLET-BUICK, INC., | )<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND ("Welfare Fund") and TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER and MICHAEL RICHARDSON as Trustees of LOCAL No. 731, I. B. of T. PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND ("Pension Fund")



(collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of its complaint against Defendant MIZERA CHEVROLET-BUICK, INC., state as follows:

**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant MIZERA CHEVROLET-BUICK, INC. (hereinafter "Defendant Company"), is an Illinois corporation that is registered to do business in the state. At various relevant times, the Defendant Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a)

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). At all relevant times, the Defendant Company was a party to successive collective bargaining agreements (herein "Agreement"), which obligate the Defendant Company to make monthly contributions on behalf of all of its employees covered by the Agreement for health-welfare and pension benefits and to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of

each covered employee by the 20th of every month or be subject to 10% late fee, which increases to 10% once a lawsuit is filed, as liquidated damages and assessed interest on any late payment and collection costs, including audit costs, incurred by the Funds in seeking collection of the delinquent contributions.

5. Notwithstanding the Defendant Company's obligations under the Agreement, as revealed pursuant to a payroll audit for the period of June 1, 2006 through November 30, 2007, the Defendant Company has failed to properly report and remit contributions to the Funds for all of its employees covered by the Agreement.

6. Additionally, the Defendant Company has not remitted reports and/or contributions to the Funds for the work months of January 2008 and continuing through the present.

7. To date, despite repeated demands being duly made, the Defendant Company has not remitted the delinquent contributions and other sums owed.

8. All conditions precedent to requiring payment of these contributions amounts to the Fund have been met.

9. The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

10. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing documents, the Defendant Company is liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20%, audit costs, and reasonable attorneys' fees and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against MIZERA CHEVROLET-BUICK, INC., as follows:

1. Finding that MIZERA CHEVROLET-BUICK, INC., violated the Agreement;

2. Finding that MIZERA CHEVROLET-BUICK, INC., is liable to the Funds for contributions, interest, liquidated damages, audit costs and attorneys' fees and court costs;

3. Ordering MIZERA CHEVROLET-BUICK, INC., to pay to Plaintiffs all accrued interest, liquidated damages and attorney's fees;

4. Ordering MIZERA CHEVROLET-BUICK, INC., to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

5 Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361