**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| A.T.M. ENTERPRISES, LTD., an Illinois Corp., | ) ) | |
| Defendant. | ) ) | Case No. 08 C 1074 |
| _____ | ) ) | Judge Marovich |
| A.T.M. ENTERPRISES, INC, an Illinois Corp., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| TEAMSTERS LOCAL 330, | ) ) | |
| Third-Party Defendant. | ) | |

**THIRD-PARTY DEFENDANT'S STATEMENT IN OPPOSITION TO THIRD-PARTY PLAINTIFF'S MOTION TO SET BRIEFING SCHEDULE**

Third-Party Defendant International Brotherhood of Teamsters Local No. 330 ("Union") submits this Statement in Opposition to Third-Party Plaintiff ATM Enterprises, Inc.'s ("ATM") Motion to Set Briefing Schedule on Third-Party's Combined Motion to Dismiss and Motion for Summary Judgment.  In support of this statement, the Union states as follows:

**I.     INTRODUCTION**

1.     The Suburban Teamsters of Northern Illinois Welfare and Pension Funds ("Funds") started this case with their complaint against ATM, based on a labor agreement between the Union and ATM.  (Compl.¶¶ 4, 5).  The Funds are seeking to collect contributions ATM allegedly owes

1

on behalf of its owner/drivers and/or subcontractors (collectively, "subcontractors") under Article 4 of the labor agreement.   (Compl.¶¶ 8, 9.)

2.     On April 14, 2008, ATM filed a third-party complaint against the Union pursuant to Fed. R. Civ. P. 14.  Count I of the third-party complaint seeks declaratory judgment that Article 4 of the labor agreement is unenforceable.  (ATM Compl. at 3.)  Count II seeks damages from the Union for breaching the labor agreement by refusing to sign agreements with ATM's subcontractors.  (ATM Compl. at 4.)

3.     On May 27, the Union filed its Combined Motion to Dismiss and Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(6) and 56.  The Union moved for summary judgment on Count II of ATM's complaint on two grounds: (1) the issues raised in Count II would be addressed in arbitration and (2) the Union never refused to sign agreements with subcontractors.  (Union Mem. at 11-15.)  In support of the second ground, the Union submitted an affidavit from Union President Dominic Romanazzi establishing that the Union never failed or refused to sign an agreement with any entity that indicated a willingness to enter into an agreement which would obligate that entity to contribute to the Funds, as required by Article 4 of the labor agreement, or to the Teamsters National 401(k) Plan, as permitted by Article 38 of the labor agreement.

4.     ATM's response to the Union's motion was due on June 20.  On June 24, ATM filed a document styled "Motion  to Set Briefing Schedule on Third-Party's Combined Motion to Dismiss and Motion for Summary Judgment."  In this untimely filing, ATM seeks additional time to respond to the Union's motion and also seeks discovery from the Union to respond to the second part of the summary judgment motion.[1]  (ATM Mot. ¶ 5.)  ATM did not file an affidavit or any other documents

---

[1]ATM's motion does not specifically address the Union's Rule 12(b)(6) motion or state that there is a need for discovery relating to the first ground of the Union's summary judgment motion.

2

with its motion.

5.     ATM's has provided no reason for the Court to delay in ruling on the summary judgment motion.

## II.    ATM'S MOTION DOES NOT COMPLY WITH RULE 56(f) BECAUSE IT FAILED TO SUBMIT AN AFFIDAVIT

6.     Fed. R. Civ. P. 56(f) establishes the procedure a party must follow when it needs discovery to oppose a summary judgment motion.  "Rule 56(f) authorizes a district court to . . . continue its ruling on [a summary judgment motion] pending further discovery *if* the nonmovant submits an *affidavit* demonstrating why it cannot yet present facts sufficient to justify its opposition to the motion." *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000) (emphasis added).  The failure to submit an affidavit setting forth the reasons discovery is needed is, alone, grounds for denying a request to postpone the court's ruling on the motion.  *Id*.  And, "unverified statements" by counsel "do[] not suffice in the Rule 56(f) context."  *Id*. (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

7.     ATM did not submit an affidavit demonstrating why it cannot yet present facts sufficient to oppose the Union's evidence that it never failed or refused to sign agreements with ATM's subcontractors.  Although ATM asserts that it did not "contemplate" a motion for summary judgment (ATM Mot. ¶ 2), this lack of contemplation does not excuse ATM's failure to comply with Rule 56(f) "because a party can file a motion for summary judgment at any time, indeed, even before discovery has begun." *Brill v. Lante Corp.*, 119 F.3d 1266, 1275 (7th Cir. 1997).  For these reasons alone, ATM's request to delay the Court's ruling on the summary judgment motion and for discovery should be denied.

8.     ATM's failure to submit an affidavit is no mere technical omission, but indicates that Count II of the third-party complaint lacked factual support from its inception.  ATM was required

to make a reasonable inquiry before filing a complaint alleging that the Union failed or refused to sign agreements with subcontractors. Fed. R. Civ. P. 11. ATM, therefore, should have known before filing its complaint of at least *one* subcontractor with whom the Union refused to sign an agreement. Yet, ATM not only failed to identify such a subcontractor, it also did not submit an affidavit demonstrating why, in the *four weeks* since it received the summary judgment motion, it could not obtain an affidavit from a *single* subcontractor sufficient to rebut the Union's evidence. Indeed, in its motion, ATM has not even identified a single subcontractor it *believes* was denied an agreement by the Union, much less one from whom ATM tried but failed to obtain an affidavit.

9.     Because ATM can offer nothing to support the central allegation of its complaint and has offered nothing to explain why it is unable to do so, its motion "amounts to nothing more than an attempt to make a reasonable inquiry after-the-fact," which the Court should not allow. *Goldman v. Graber Post Buildings, Inc.*, No. 07 C 41-DHR, 2007 U.S. Dist. LEXIS 67227, at *8 (Oct. 15, 2007) (denying Rule 56(f) motion).

## III.   ATM FAILS TO IDENTIFY WHY THE DISCOVERY IT SEEKS WOULD CREATE A GENUINE ISSUE OF MATERIAL FACT

10.     Even if the Court were inclined to allow ATM to ignore Rule 56(f)'s affidavit requirement, there remains no basis for granting ATM's motion, because ATM did not demonstrate why the discovery it seeks is likely to create a genuine issue of material fact. *See Woods*, 234 F.3d at 990-91 (even if the affidavit were waived, district court did not abuse its discretion in ruling on summary judgment motion before granting plaintiff's request for discovery, where plaintiff "offered virtually nothing to demonstrate why the depositions he sought were likely to generate an genuine issue of material fact").

11.     ATM claims that it needs discovery from the Union, "which ATM believes will show that the Union signed other owner-operators to agreements that allowed such owner-operators to

contribute sums of monies that were less than the sums of monies ATM was required to pay to the [Funds] and/or that the Union allowed one or more owner-operators to work without contributing to the [Funds.]"  (ATM Mot. ¶ 5.)  Even if ATM could establish these facts through discovery (which it cannot), they would not create a material issue of fact sufficient to survive the Union's motion, because they have nothing to do with the claim ATM makes in its complaint.

12.     ATM alleges in its complaint that the Union breached the labor agreement by *failing or refusing* to sign agreements with subcontractors, and that the Union's *failure or refusal* to sign such agreements caused the Funds to file their complaint against ATM.  (ATM Compl. at 4 ¶¶ 9, 10.) ATM did *not* allege that the Union somehow breached the labor agreement by *signing* agreements with subcontractors that allowed them to pay less to the Funds than ATM was required to pay. ATM also did *not* allege in its complaint that the Union somehow breached the labor agreement by allowing subcontractors to work without contributing to the Funds.  (Indeed, such an allegation would be nonsensical because Article 38 of the labor agreement expressly *allows* owner-operators to contribute to the Teamsters 401(k) plan in lieu of contributing to the Funds.)

13.     In short, the evidence ATM seeks to discover from the Union is completely irrelevant to the central allegation in ATM's complaint, which the Union has disproved in its motion.  For this separate and independent reason, ATM's motion should be denied.  *See e.g.*, *Grayson v. O'Neill*, 308 F.3d 808, 816-17 (7th Cir. 2002) (district court did not abuse its discretion in denying Rule 56(f) motion where the evidence plaintiff sought was not relevant to his case).

WHEREFORE, the Union respectfully requests that the Court deny ATM's Motion to Set Briefing Schedule on Third-Party's Combined Motion to Dismiss and Motion for Summary Judgment and proceed to rule on the Union's combined motion.

Respectfully submitted,


 /s/ Robert S. Cervone
Robert S. Cervone

Robert S. Cervone
Dowd, Bloch & Bennett
8 South Michigan Avenue - 19th Floor
Chicago, IL 60603
(312) 372-1361