**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, )<br><br>　　　　　　Plaintiffs/CounterDefendant )<br><br>v. )<br><br>ATM ENTERPRISES, LTD., an Illinois corporation, )<br><br>　　　　　　Defendant/CounterPlaintiff )<br>_____ )<br>ATM ENTERPRISES, INC., a corporation )<br><br>　　　　　　Third Party Plaintiff, )<br><br>v. )<br><br>GENERAL TEAMSTERS, CHAUFFEURS,` SALESDRIVERS AND HELPERS LOCAL 330, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, )<br><br>　　　　　　Third Party Defendant. ) | No.  08 C 1074<br><br>Judge Marovich<br><br>Magistrate Judge Denlow |

**PLAINTIFFS' REPLY TO ATM'S RESPONSE**
**IN SUPPORT OF DISMISSAL OF**
**COUNTERCLAIM AND STRIKING**
**AFFIRMATIVE DEFENSES ONE AND TWO**

NOW COMES the Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Fund"), by their attorney, JOHN J. TOOMEY, ARNOLD AND KADJAN, and in Reply in Support of Dismissal of the Counterclaim and Striking Affirmative Defenses One and Two states as follows:

ATM poses two affirmative defenses in its April 14, 2008 Answer with no factual basis pled.

## AFFIRMATIVE DEFENSE ONE IS CONTRARY TO LAW OF THE CIRCUIT

The First Affirmative Defense is:

> 1.    Plaintiffs' Complaint fails to state a claim upon which relief
> can be granted because Plaintiffs lack standing to file this action.

The Complaint is brought in the name of the Trustees of the Fund.   Trustees are by definition fiduciaries under ERISA, 29 U.S.C. 1002(14)(A):

> "Any fiduciary (including, but not limited to any administrator,
> officer, trustee or custodian)

ATM maintains that because each individual is not specifically named as a party plaintiff the Complaint fails citing Carpenters Pension Fund v. Bi-State Loading Dock Specialists, Inc., 790 F. Supp. 1410 (S.D. Ill. 1992).  That case has not been cited since.  Additionally, it was not brought in the trustees' name, but solely the fund.

All debate on the Fund standing issue was put to rest in Construction Workers Pension Trust Fund v. Reeves Fence Co., 2005 U.S. Dist. Lexis 42046, 38 EBC 1120 (N.D. 2005) which noted that the Circuit Courts of Appeals are split as to whether pension plans have standing under 29 U.S.C. 1132(d)(1) to make an ERISA claim but the Seventh Circuit is clear:

> However, the Seventh Circuit repeatedly has held that multi-
> employer plans have standing to sue under ERISA for
> delinquent ERISA contributions.  See Central States Southeast
> and Southwest Areas Pension Fund v. Schilli Corp., 420 F.3d
> 663, 670 (7th Cir. 2005); Peoria Union Stock Yards Plan v.
> Penn Mutual Life, 698 F.2d 320, 326 (7th Cir. 1983).  See also
> Coleman Clinic, Ltd. v. Massachusetts Mutual Life Insurance,
> 698 F.Supp. 740, 744-45 (C.D. Ill. 1998).  Because this court
> followed the Seventh Circuit, Reeves' standing argument
> must be rejected.

In Winstead v. J. C. Penny Co., Inc., 933 F.2d 576, 579 (7th Cir. 1991) held "the trustees of the Central States plan are indisputably are ERISA fiduciaries" and also recognizes the Central States plan itself is a fiduciary within the meaning of 29 U.S.C. 1002(21)(A), Saramar Aluminum Co. v. Pension Plan for Employees of Aluminum Industry, 782 F.2d 577, 581 (6th Cir. 1986).

Based upon the case law in the Seventh Circuit the Second Circuit opinion in <u>Pressroom Union Security Fund v. Continental Insurance</u>, 700 F.2d 889, 893 (2nd Cir. 1983) on which ATM's lone authority is based is not followed in the Seventh Circuit.

Moreover, ATM's counsel as a practitioner in this area of the law, has brought the defense solely for purposes of delay under 28 U.S.C. 1927.

## SECOND AFFIRMATIVE DEFENSE REDUNDANT AND VAGUE

ATM's Second Affirmative Defense is posed as follows:

> 2.    Articles 4 and 20.1 of the collective bargaining
> agreement in whole or in part, are invalid,
> unenforceable and illegal.

No basis for illegality is alleged in their pleading.  Page Three of Plaintiffs' Motion to Dismiss and Strike Affirmative Defenses relies on <u>Laborers Pension Fund v. Concrete Structures</u>, 999 F.2d 1209 (7th Cir. 1993) enforcing an employer's promise to assume the liability of its subcontractors.  Article 20.1 which is claimed to be invalid and illegal, is nearly identical:

> "The Employer agrees to assume any liability for failure of
> anyone performing this work to be paid the proper rates."

<u>Concrete Structures</u> remains the law in this Circuit.  ATM did not attempt to distinguish or erode its enforceability or to address the cases that follow it.  <u>Central States Pension Funds v. Central Transport,</u> 861 F.Supp. 1402 (N.D. Ill. 1994 Leinenweber) addressing a subcontractor guarantee claim and in <u>Chicago District Council of Carpenters Funds v. Skender Construction Company, Inc.,</u> 82 F.Supp. 787 (N.D. Ill. 1998, Lindberg) holding an employer assumes the obligation for fund contributions for any subcontractor it hires that is not bonded.  <u>Concrete Structures</u> was followed in <u>Mason Tenders, et al v. Abatement International,</u> 82 F.Supp.2d 175 (S.D. N.Y. 2000) granting summary judgment to the fund.  The argument regarding ATM's liability as guarantor for subcontractor payment has been resolved by the Seventh Circuit in the fund's favor and hence is not illegal.  However, none of that is apparent from the Second Affirmative Defense as it is pled.  Even absent a guarantor clause, ATM breached its agreement

to make subcontractor payments.  Teamster Fund v. Hawg N' Action, 651 F.2d 1384, 1386-87 (10th Cir. 1981).  Hope Cartage, supra.

ATM cites United States of America v. State of Illinois, 803 F. Supp. 1338 (N.D. Ill. 1992, Plunkett) regarding the standard to apply to Rule 12(f) motions and the defense must be insufficient on the face of the pleading.  Therein, defenses one, two, three and five were stricken and thus supports taking prompt action to strike material that is "redundant, immaterial, impertinent or scandalous or where it constitutes an insufficient defense".

From reading the ATM pleadings in opposition to dismissal, it appears that the corporation is arguing a Union violation of 29 U.S.C. 158(e) hot cargo provisions which are within the primary jurisdiction of the NLRB under Heavy Highway Teamsters, 277 NLRB 269, 94 LRRM 1210 (1976), but again an 8(e) violation is not apparent from the pleading.  Gerber Truck Service, 870 F.2d 1148 (7th Cir. 1989) recognizes that the contributions themselves are illegal can be a defense to an action.  Again it is not pled.

## COUNTERCLAIM AND REDUNDANT DEFENSE

Finally is the matter of the counterclaim for declaratory judgment.  This too is Defense Counsel's routine procedure.  As addressed in Trustees of Will County Carpenters v. K&I Construction, 2001 U.S. Dist. Lexis 21635 (N.D. Ill. 2001 Pallmeyer) the Third Party Union's Motion to Dismiss was granted.  The court granted plaintiff fund's Motion to Strike Affirmative Defense Two, claiming setoffs, because it was redundant of K&I's counterclaim.

This conduct is identical to ATM's action at bar.  Paragraph 7 of the ATM Counterclaim alleges the identical (redundant) allegation as the Second Affirmative Defense.  Accordingly, as Judge Pallmeyer determined, both cannot remain.  In K&I the court struck the affirmative defense, but allowed the counterclaim to stand.

WHEREFORE, Plaintiffs pray:

1.    That Affirmative Defense One regarding standing to sue by the Trustees of the Fund be stricken as it is contrary to the law of the Seventh Circuit.

2.    That Affirmative Defense Two be stricken as not properly pled to advise in what manner the complained of clauses are illegal.  The Defense is further re-pled in ATM's Crossclaim for Declaratory Judgment and as such is redundant.

3.    If the Defense is vague, it should be stricken and likewise the Counterclaim which repeats identically at Paragraph 7 be dismissed for failure to state a claim, or alternatively, if valid, strike Affirmative Defense Two as redundant of the Counterclaim.

TRUSTEES OF THE SUBURBAN
TEAMSTERS OF NORTHERN ILLINOIS
WELFARE AND PENSION FUNDS


By:    _____
       One of Its Attorneys

JOHN J. TOOMEY
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415