IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, <br><br> Plaintiffs/CounterDefendant <br><br> v. <br><br> ATM ENTERPRISES, LTD., an Illinois corporation, <br><br> Defendant/CounterPlaintiff <br> _____ <br> ATM ENTERPRISES, INC., a corporation <br><br> Third Party Plaintiff, <br><br> v. <br><br> GENERAL TEAMSTERS, CHAUFFEURS, SALESDRIVERS AND HELPERS LOCAL 330, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, <br><br> Third Party Defendant. | No. 08 C 1074 <br><br> Judge Marovich <br><br> Magistrate Judge Denlow |

## PLAINTIFF'S REPLY IN SUPPORT OF SEVERANCE OF THIRD PARTY CLAIM

NOW COMES the Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Fund"), by their attorney, JOHN J. TOOMEY, ARNOLD AND KADJAN, and in Reply to Defendant's Response to Plaintiff's Motion to Dismiss Counterclaim and Strike and Dismiss Affirmative Defenses One and Two, states as follows:

On April 30, 2008 Plaintiff, in response to Defendant ATM Enterprises' Answer, Affirmative Defenses, Counterclaim and Third Party Complaint impleading Teamsters 330 into the 29 U.S.C. 1145 collection action, timely moved pursuant to Rule 12(f) to strike Affirmative Defenses One and Two and Dismiss the Counterclaim. At the same time, the Fund moved to

1

Strike or Sever for Separate Trial the Third Party claim against Teamsters 330. Since then the Union has separately moved to dismiss the third party action based on Plaintiffs' failure to exhaust the arbitration provisions under the collective bargaining agreement which is the subject of a separate briefing schedule. Plaintiff notes that this is a basis alone for dismissal. See Chicago District of Carpenters Pension Fund v. Skender, 1997 U.S. Dist. Lexis 16860 (N.D. Ill. 1997 Lindberg) where the same defense counsel as at bar brought a third party action against the Union. The claim was subject to arbitration. In any action subject to the Uniform Arbitration Act, the court must stay or dismiss the action pending arbitration pursuant to 9 U.S.C. 3 and 4.

Dismissal rather than stay of judicial proceedings is appropriate when arbitration of all claims is required. Payton v. Nordstorm, Inc., 462 F.Supp. 2d 706 (M.D. N.C. 2006); Cooper v. QC Financial Services, Inc. 503 F.Supp.2d 1266 (D. Ariz. 2007); Dale v. Comcast Corp., 453 F.Supp.2d 1367 (N.D. Ga. 2006); Lewis Tree Service, Inc. v. Lucent Technologies, 239 F.Supp.2d 332 (S. D. N.Y. 2002).

Questions involving arbitration or failure to arbitrate pose an entirely different issue for joinder/consolidation purposes. This is discussed in Seguro de Servicio de Salud de Puerto Rico v. McAuto Group, Inc., 878 F.2d 5 (lst Cir. 1989) denying consolidation. Decisions regarding arbitrations, whether compelling, consolidating or staying, are reviewable as a final decision. See, 9 U.S.C. 16(a)(3). Generally, decisions regarding consolidation of other types of claims are not appealable. This distinction supports severance of the third party claim because its outcome is immediately appealable.

Failing to sever can significantly affect the rights of the Fund as a litigant. If ATM survives dismissal, but has failed to exhaust, it is still subject to a 9 U.S.C. 4 action to compel arbitration (which, like resort to the grievance procedure, it never sought). Based on the allegations of the Third Party Complaint, and action to compel arbitration cannot be denied. Under IBEW Local 21 v. Illinois Bell, 491 F.3d 685 (7th Cir. 2007) in the absence of an express provision excluding a particular grievance from arbitration, the dispute is arbitrable absent

2

forceful evidence of a purpose to exclude it from arbitration which is not evident here. There is a presumption of arbitrability. See IBEW, 491 F.3d at 687-688.

Because the issue of arbitration is impacted by joinder of claims, 9 U.S.C. 16 provides it is immediately appealable as to the Union. It is not embedded in other proceedings. Therefore the District Court's order would be immediately appealable. See, Sphere Drake Ins. PLC v. Marine Towing, Inc., 16 F.3d 666, 668 (5th Cir. 1994) *rehearing denied* 21 F.3d 1110 *cert. den.* 115 S.Ct. 195 (1995). Thus the position of the Fund is different from the other litigants on the issue of joinder and could be substantially prejudiced. Generally, proceedings are stayed pending arbitration. See, Doldo Brothers, Inc. v. Finger Lakes Bottling Co., Inc., 2008 U.S. Dist. Lexis 17646 (S.D. N.Y. 2008) Pages 7-8 citing Shearson/American Express v. McMahon, 482 U.S. 220, 226 (1987).

Accordingly, the separate body of law on consolidation of arbitration, and the difference in claims and damages sought in the various actions, separately or together preclude joinder in a single proceeding. See 8 Moores Section 42.12(3) and Section 42.15.

### CONSOLIDATION OF FRINGE BENEFIT FUND ACTION CONTRARY TO CONGRESSIONAL INTENT

The Eighth Circuit recognized in Central Funds v. Independent Fruit and Produce Co., 919 F.2d 1343, 1347 (8th Cir. 1990) that in enacting 29 U.S.C. 1145 Congress intended this section would simplify actions to collect delinquent contributions and avoid costly litigation, adopting Central States v. Gerber Truck Service, 870 F.2d 1148, 1152 (7th Cir. 1989) citing 126 Cong. Rec. 23039:

> "Some simple collection actions brought by plan trustees have been converted into lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plan's entitlement to contributions. This should not be the case. Federal pension law must permit trustees of plans to recover delinquent contributions effaciously, and without regard to issues that might arise under labor management law."

Gerber quoting at 870 F.2d 1153.

Gerber held the fund cannot be thwarted by defenses not apparent from the face of the agreement, and that there are only two defenses to a collection action: (1) the contributions themselves are illegal, or (2) the bargaining agreement is void. Funds stand in the position of a holder in the course.

By consolidating the Fund and ATM cases, the Court would convert a simple collection action into complex and costly litigation involving "defenses" that each individual class member is not entitled to benefits. This directly violates the holding of Gerber and the express intent of the United States Congress.

Consolidation would pervert Congressional intent in yet another way. The Union would then be in effect a party to the Fund case. Courts routinely deny employer's attempts to implead the Union into Fund collection actions. See Southwest Administrators v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986) (holding the union not a proper party to the Fund claim).

To allow consolidation is inconsistent with the purpose of ERISA to streamline proceedings. To do so would prolong the trial, confuse the court and the jury, which is precisely why ATM brings in the Union.

The Court severed and dismissed a third party action against a union in Trustees of Twin City Bricklayers v. Superior Waterproofing v. Bricklayers Local 1, 450 F.3d 324, 329-334 (8th Cir. 2001) including state law tort claims which were held pre-empted under Section 301 and also in Twin City Sprinkler Fitters v. Total Fire Protection, Inc., 2002 WL 31898170 (D. Minn. 2002) dismissing third party claims for "failure to exhaust the available and exclusive administrative remedies provided by the [collective bargaining agreement]". See also Carpenters Fringe Benefit Fund v. McKenzie Engineering, 217 F.3d 578, 586 (8th Cir. 2000) (holding state law claims barred by failing to exhaust remedies under the CBA) and Local 67 v. Gem Management and Bricklayers Local 9, 2006 U.S. Dist. Lexis 21505 (E. D. Mich. 2006) (dismissing third party action against union for employer's failure to exhaust).

Failing to sever would be granting ATM indirectly, under the cloak of Rule 42, what it could not obtain directly, introduction of the Union and Union defenses into a Fund action, and forcing the Union to in effect "defend" itself in an unrelated case. This is an extreme and unwarranted hardship. The Fund is prejudiced by consolidation and it is before this Court only because it was named in the Movant's Third Party Action.

Thus, rather than accomplish judicial economy the simple collection action will be multiplied with extraneous union issues which may be dismissed. The Fund is prejudiced as are the Fund participants and beneficiaries who will have to bear the additional expense of litigation.

The same counsel had his third party claim against the Union dismissed in Trustees of Will County Carpenters Fund v. F.V.E. & Associates, 2001 U.S. Dist. Lexis 20417 (N.D. Ill. 2001, Hibbler). Severance of the same indemnity claim was severed and ultimately dismissed in Suburban Teamsters of Northern Illinois Funds v. Hope Cartage, where the Funds prevailing on summary judgment. 2005 U.S. Dist. Lexis 27866, 178 LRRM 2513 (N.E. Ill. 2005, Zagel) including recovery of contributions for subcontractors.

Accordingly, the third party claim is subject to severance for the following reasons:

1. It is already subject to a Motion to Dismiss for failure to exhaust.

2. It involves issues of arbitrability not before this Court, which are a separate basis for dismissal under the Uniform Arbitration Act Sections 3 and 4.

WHEREFORE, Plaintiffs pray that the Motion to Strike or Sever the Third Party Action against the Union be granted.

5

TRUSTEES OF THE SUBURBAN
TEAMSTERS OF NORTHERN ILLINOIS
WELFARE AND PENSION FUNDS

By: _____  7-9-08
      One of Its Attorneys

JOHN J. TOOMEY
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415

6