IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, )<br><br>　　　　Plaintiffs/CounterDefendant )<br><br>　　v. )<br><br>ATM ENTERPRISES, LTD., an Illinois corporation, )<br><br>　　　　Defendant/CounterPlaintiff )<br>_____ )<br>ATM ENTERPRISES, INC., a corporation )<br><br>　　　　Third Party Plaintiff, )<br><br>　　v. )<br><br>GENERAL TEAMSTERS, CHAUFFEURS, SALESDRIVERS AND HELPERS LOCAL 330, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, )<br><br>　　　　Third Party Defendant. ) | No. 08 C 1074<br><br>Judge Marovich<br><br>Magistrate Judge Denlow |

## INDEX TO UNPUBLISHED OPINIONS

1. Trustees of Will County Carpenters v. K&I Construction,
   2001 U.S. Dist. Lexis 21635 (N.D. Ill. 2001)

2. Will County Carpenters Fund v. F.V.E. & Associates,
   2001 U.S. Dist. Lexis 20417 (N.D. Ill. 2001)

3. Construction Workers Pension Trust Fund v. Reeves Fence Co.,
   2005 U.S. Dist. Lexis 42046 (N.D. 2005)

4. Chicago District of Carpenters Pension Fund v. Skender
   1997 U.S. Dist. Lexis 16860

5. Suburban Teamsters of Northern Illinois Funds v. Hope Cartage,
   2005 U.S. Dist. Lexis 27866

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS WELFARE AND
PENSION FUNDS

**s/John J. Toomey**
ARNOLD AND KADJAN
19 W. Jackson Blvd., Suite 300
Chicago, IL 60604
Telephone No.: (312) 236-0415
Facsimile No.: (312) 341-0438
Dated: July 11, 2008

11 of 22 DOCUMENTS

**Trustees of The Will County Local 1 vs. K & I Construction, Inc.**

00 C 7684

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

2001 U.S. Dist. LEXIS 21635

August 28, 2001, Decided
August 29, 2001, Filed; August 30, 2001, Docketed

**DISPOSITION:** [*1] Motion to dismiss filed by Third Party Defendant Unions was granted. Plaintiff's motion to dismiss the counterclaim was denied. Plaintiff's motion to strike affirmative defenses was granted in part and denied in part. Defense No. 3 was stricken.

**COUNSEL:** For LOCAL 174 WILL COUNTY CARPENTERS PENSION TRUST FUND, LOCAL 174 WILL COUNTY CARPENTERS WELFARE FUND, LOCAL 174 WILL COUNTY LOCAL 174 SUPPLEMENTAL PENSION, plaintiffs: John Joseph Toomey, Steven F. McDowell, Arnold & Kadjan, Chicago, IL.

For K&I CONSTRUCTION, INC., defendant: Joseph Patrick Berglund, Kathleen I. Niew, Daniel M. Connors, Margaret Marta Donnell, Stanley E. Niew, Berglund & Niew PC, Oak Brook, IL.

For K&I CONSTRUCTION, INC., third-party plaintiff: Joseph Patrick Berglund, Kathleen I. Niew, Daniel M. Connors, Stanley E. Niew, Berglund & Niew PC, Oak Brook, IL.

For CARPENTERS LOCAL UNION 174, third-party defendant: Travis J. Ketterman, Whitfield & Gregorio, Chicago, IL.

For K&I CONSTRUCTION, INC., counter-claimant: Joseph Patrick Berglund, Kathleen I. Niew, Daniel M. Connors, Stanley [*2] E. Niew, Berglund & Niew PC, Oak Brook, IL.

For LOCAL 174 WILL COUNTY CARPENTERS WELFARE FUND, counter-defendant: John Joseph Toomey, Steven F. McDowell, Arnold & Kadjan, Chicago, IL.

**JUDGES:** Rebecca R. Pallmeyer.

**OPINION BY:** Rebecca R. Pallmeyer

**OPINION**

**ORDER**

Plaintiffs, the Trustees of the Will County Local 174 Carpenters Pension Trust Fund, the Will County Local 174 Carpenters Supplemental Pension Fund, and the Will County Local 174 Carpenters Welfare Fund, have brought this action to recover more than $ 700,000 in unpaid contributions. Defendant K & I Construction, Inc. alleges that it made contributions to Chicago-area Pension and Welfare Funds and is entitled to an offset or credit against its obligations to Plaintiff by virtue of these contributions. To bring those issues before this court, K & I has filed a counterclaim against the Plaintiff Trustees; a third-party action against the Carpenters Local Union 174 and Chicago and Northeast Illinois District Council of Carpenters; and most recently, another third party action against Michael O'Grady, Administrator of Chicago District Council of Carpenters Pension, Welfare, and Apprentice and Trainee Program Pension Fund and the three [*3] Funds Mr. O'Grady administers.

All parties agree that Defendant is not obligated to make payments to more than one Fund for the same workers. The court concludes, as more fully described in open court, that the matter before it requires an accounting of the amounts paid by Defendant K & I to certain Funds, and the amounts that Defendant owes to other Funds. Although Plaintiff alleges that it is the unions who are responsible for inducing Defendant to make payments to Chicago Funds for Will County workers, the court agrees with Third Party Defendant unions that they are not liable for recovery of amounts that K & I has allegedly paid (or owes) the Funds. The motion to dis-

miss filed by Third Party Defendant Unions (Carpenters Local Union 174 and Chicago and Northeast Illinois District Council of Carpenters) (Doc. No. 14-1) is therefore granted.

Plaintiffs have moved to dismiss the counterclaim filed against them. That motion (Doc. No. 10-1) is denied; without addressing the factual merits of the counterclaim, the court concludes K & I has stated a claim for setoff which meets the pleading requirements. Finally, Plaintiff's motion to strike affirmative defenses (Doc. No. 11-1) is granted [*4] in part and denied in part. Defenses No. 1 and 5 are withdrawn. Defense No. 2 is a statement of K & I's claim for setoff and is therefore redundant of K & I's counterclaim. Defense No. 3 is stricken because K & I has not identified a written representation on which it relied in making its alleged mistaken payments to the Chicago funds. Defense No. 4 adequately states the defense of laches, and survives this motion, but the court predicts this defense will fail on its merits because it appears that Plaintiff filed suit promptly upon receipt of the May 1, 2000 audit.

9 of 22 DOCUMENTS

TRUSTEES OF THE WILL COUNTY CARPENTERS HEALTH AND WELFARE
FUND, Plaintiff, v. F.V.E. & ASSOCIATES, INC. d/b/a FOX VALLEY
EXTERIORS, INC., Defendant/Third-Party Plaintiff v. CHICAGO &
NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS and
CARPENTERS LOCAL UNION 174, Third-Party Defendants.

CASE NO. 00 C 7685

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

2001 U.S. Dist. LEXIS 20417

November 30, 2001, Decided
December 4, 2001, Docketed

**DISPOSITION:** [*1] Third-Party Defendants Chicago & Northeast Illinois District Council of Carpenters and Carpenters Local Union 174's Motion to Dismiss the Third Party Complaint (doc. # 17-1) GRANTED.

**COUNSEL:** For LOCAL 174 WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND, plaintiff: John Joseph Toomey, Steven F. McDowell, Christine Z Stonkus, Arnold & Kadjan, Chicago, IL.

For F.V.E. & ASSOCIATES, INC., defendant: Joseph Patrick Berglund, Kathleen I. Niew, Daniel M. Connors, Berglund & Niew PC, Oakbrook, IL.

For F.V.E. & ASSOCIATES, INC., defendant: Stanley E. Niew, Berglund & Niew PC, Oak Brook, IL.

For F.V.E. & ASSOCIATES, INC., third-party plaintiff: Joseph Patrick Berglund, Kathleen I. Niew, Daniel M. Connors, Stanley E. Niew, Berglund & Niew PC, Oak Brook, IL.

For CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, third-party defendant: Travis J. Ketterman, Whitfield & Gregorio, Chicago, IL.

**JUDGES:** WILLIAM J. HIBBLER, DISTRICT JUDGE.

**OPINION BY:** WILLIAM J. HIBBLER

**OPINION**

**MEMORANDUM AND ORDER**

The Court has before it Chicago & Northeast Illinois District Council of Carpenters and Carpenters Local Union 174's ( "Union") Motion to Dismiss Fox Valley Exteriors, Inc.'s ("F. [*2] V.E.") Third-Party Complaint. F.V.E., as a Third-Party Plaintiff, brings Union into this lawsuit as a Third-Party Defendant. F.V.E. claims the Union should indemnify F.V.E. for any monies F.V.E. may be directed to pay to the original Plaintiff, Will County Carpenters Local 174 Pension Trust Funds and Supplemental Pension Fund ("Pension Fund"), in this case. The Court determines the Union is not monetarily liable to F.V.E. Third-Party Defendant's Motion to Dismiss is GRANTED.

**Background**

F.V.E. is a subcontractor engaged in installing siding at commercial construction sites in the Chicago area and is a signatory to a collective bargaining agreement ("CBA") with the Union. Under the CBA, F.V.E. contributes to local pension funds on behalf of employed union members. These local pension funds have reciprocity agreements with the Pension Fund that allow contributions to be transferred between funds to cover workers in different counties or regions. The Pension Fund is suing F.V.E. for failing to contribute to their fund from May 1, 1997 through August 31, 2000. F.V.E. claims it made its required contributions to other funds.

The Union has a reciprocity agreement with the Pension [*3] Fund. The reciprocity agreement provides for the transfer of money or credits between the various funds so that if an employer, such as F.V.E., makes a

Case 1:08-cv-01074   Document 37   Filed 07/11/2008   Page 6 of 10

Page 2
2001 U.S. Dist. LEXIS 20417, *

payment into a fund other than where an employee's home local is located, the money or credits are automatically transferred to the appropriate account. F.V.E. claims it paid its contributions, but these monies were deposited into the incorrect account and the Union then failed to transfer the money accordingly. F.V.E. argues the Union's failure resulted in the appearance F.V.E. did not make the required payments into the Pension Fund during the relevant time period. Consequently, F.V.E. wants the Union to indemnify against any damages F.V.E. may be forced to pay to the Pension Fund. Further, F.V.E. claims the Union has known for more than thirty years that F.V.E. has always made payments to an employee's home local and not where the work was initiated. F.V.E. argues in allowing this practice to continue, F.V.E. has incurred damages for which the Union is accountable.

**Standard of Review**

A motion to dismiss should not be granted unless it appears beyond a reasonable doubt that Plaintiff can prove no set of facts which entitle [*4] them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). Further, all well pled factual allegations must be accepted as true, and all reasonable inferences drawn in a light most favorable to Plaintiff. *DiBenedetto v. City of Chicago*, 873 F. Supp. 106, 108 (N.D. Ill. 1994).

**Analysis**

At the outset, the Court recognizes Judge Pallmeyer of the Northern District of Illinois has ruled previously on the same issue involving the same Third-Party Plaintiff's attorneys and the same Third-Party Defendant. In *Will County Carpenter Trust Funds v. K & I Construction, Inc.*, a Third-Party Plaintiff ("K & I") filed a claim against the Union as a Third-Party Defendant. K & I argued the Union should indemnify it against any potential damages incurred from the original lawsuit filed against it. The facts in that case are substantially similar to those in this case. Judge Pallmeyer granted the Union's Motion to Dismiss and stated the Union is "not liable for recovery of amounts that K & I has allegedly paid or owes". *Will County Carpenter Trust Funds v. K & I Constr.*, No. 00 C 7684 (N.D.Ill August 28, 2001)(Minute Order). [*5] The Court concurs with her finding and sees no reason to depart from another court's decision when, as here, the parties and fact patterns are nearly identical.

Further, the Court fails to see how the Union could be responsible to F.V.E. for potential damages. *See Cent. States v. Gerber Truck Servs., Inc.* 870 F.2d 1148 (7th Cir. 1989) (the Seventh Circuit explicitly stated trust funds are third party beneficiaries of a CBA); *see also Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir. 1986); *Chicago Area Int'l Bhd. of Teamsters Health v. Watermelon Depot, Inc.*, 1996 U.S. Dist. LEXIS 11127, No. 94 C 5819, 1996 WL 447254, at *3 (N.D.Ill. July 31, 1996). A trust fund and a union are separate and distinct bodies. Pension and welfare plans are not parties to collective bargaining agreements between employers and a union. *Southwest Adm'rs, Inc.*, 791 F.2d at 773. Instead, the plans are third-party beneficiaries of collective bargaining agreements because the agreements provide an employer will make contributions into the fund on behalf of its covered employees at some regular interval. *See Robbins v. Lynch*, 836 F.2d 330, 333 (7th Cir. 1988). [*6] Consequently, the Pension Fund may move to enforce the terms of the CBA without asking the Union for approval or support and may bring a lawsuit for unpaid contributions against an employer like F.V.E. without involvement from the Union. F.V.E. cannot drag the Union into this dispute between F.V.E. and the Pension Fund.

Finally, even when viewed in the context of the relatively liberal federal notice pleading requirements, F.V.E. fails to state its case for relief, because the company does not allege with specificity that the Union engaged in fraudulent conduct. Where an employer seeks indemnification from a union for contributions the employer made to the trust fund, the employer must properly allege, and ultimately prove, fraudulent conduct by the union. In *Rozay's Transfer v. Local Freight Drivers, Local 208*, 850 F.2d 1321, 1326 (9th Cir. 1988), the Ninth Circuit stated if the union were to be liable for indemnification for contributions, then the employer must establish a claim of fraudulent representation and prove "the union knowingly made a false representation concerning a material fact with the specific intent to deceive [the employer]". *See also Southwest Adm'rs, Inc.*, 791 F.2d at 773 [*7] (fraud was alleged to have occurred during the signing of the CBA); *Moriarty, on Behalf of Trustee of Local Union No.727 v. Brust Funeral Home, Ltd.*, 1995 U.S. Dist. LEXIS 11374, No. 95 C 333, 1995 WL 472771, at *4 (N.D.Ill. Aug. 8, 1995); *Central States, SE and SW Areas Pension Fund v. R D Motor Exp., Inc.*, 1988 U.S. Dist. LEXIS 10052, No. 85 C 7740, 1988 WL 93936, at *3 (N.D.Ill Sep. 2, 1988).

Here, F.V.E. was required to plead with specificity, as required by Federal Rule of Civil Procedure 9 (b). Federal Rule of Civil Procedure 9(b) mandates a plaintiff who alleges fraud or mistake to state with particularity the circumstances constituting fraud or mistake. Specifically, Rule 9(b) requires the plaintiff to specifically allege the who, what, where, and when of the alleged fraud. Fed.R.Civ.P. 9(b); *see Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469-70 (7th Cir.1999)(clarifying *Vicom, Inc. v. Harbridge Merch.*

*Serv. Inc.*, 20 F.3d 771, 777 n.4 (7th Cir. 1994)); *Uni\* Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992); *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992). The reason for the [*8] heightened pleading requirement in such cases is to force the plaintiff to do more than the usual investigation before filing a complaint "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman*, 172 F.3d at 469.

> Greater precomplaint investigation is warranted in fraud cases because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual), because fraud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame for it, and because charges of fraud ... frequently ask courts in effect to rewrite the parties' contract or otherwise disrupt established relationships.

*Id.* at 469 (citations omitted).

F.V.E. does not allege with any specificity any misconduct or misrepresentations of fraud. Mere conclusory language which asserts fraud, without a description of fraudulent conduct, does not satisfy Rule 9(b). *D & G Enters v. Cont'l Illinois Nat'l Bank*, 574 F. Supp. 263, 267 (N.D.Ill.1983). F.V.E. merely alleges the Union and F.V.E. modified the CBA and F.V.E. was [*9] injured by acting in reliance upon the Union's misrepresentation. F.V.E.'s broad allegations fail to plead fraud with the requisite particularity. For example, was the alleged modification an oral modification ? If so, who were the parties in the conversation and where and when did it occur ? Was the modification a written modification ? If so, who were the drafters or signatories ? Where is this document? F.V.E. fails to plead the bare minimum required to allege fraudulent misrepresentation or misconduct.

Thus, the Court need not address F.V.E.'s argument for restitution, based on benefits obtained through fraud or misrepresentation, under Section 17 of the Restatement of Restitution. If F.V.E. wanted to bring its Third-Party Complaint on the grounds the Union committed fraud and should therefore be required to pay restitution, then it should have followed the Federal Rules and pleaded with specificity. Because it did not, its argument necessarily fails.

## CONCLUSION

For the above reasons, Third-Party Defendant's Motion to Dismiss is granted.

**IT IS SO ORDERED.**

DATED: November 30, 2001

**WILLIAM J. HIBBLER, DISTRICT JUDGE**

LEXSEE

CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, Plaintiff v. REEVES FENCE CO., INC., Defendant

Case No. 2:05 CV 167

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

2005 U.S. Dist. LEXIS 42046; 38 Employee Benefits Cas. (BNA) 1120

May 26, 2005, Decided
May 26, 2005, Filed

COUNSEL: [*1] For Construction Workers Pension Trust Fund Lake County and Vicinity, Plaintiff: Robert B Greenberg, Asher Gittler Greenfield & D'Alba Ltd, Chicago, IL; Samuel J Goodman, Goodman Katz Scheele & Bauswell, Highland, IN.

For Reeves Fence Co Inc, an Indiana Corporation, Defendant: Eric P Mathisen, Hoeppner Wagner and Evans LLP -- Mer/IN, Merrillville, IN; Cintra D B Geairn, Hoeppner Wagner and Evans LLP -- Val/IN, Valparaiso, IN.

JUDGES: ANDREW P. RODOVICH, United States Magistrate Judge.

OPINION BY: ANDREW P. RODOVICH

OPINION

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment filed by the defendant, Reeves Fence Company, Inc., on December 2, 2005. For the reasons set forth below, this motion is **DENIED**.

Background

Reeves Fence Company ("Reeves") is a signatory to a collective bargaining agreement ("CBA") with the International Association of Ridge, Structural and Ornamental Iron Workers No. 395 ("Ironworkers"). While a party to this CBA, Al Reeves, on behalf of the company, also signed three one-year "Fencing Addendums" effective June 1, 2001 through May 31, 2004. In pertinent part, the two-page addendums stated:

This agreement is entered [*2] into between Reeves Fence Company and the International Association of Ridge, Structural and Ornamental Iron Workers Local Union # 395 and Laborers' International Union of North America, Local # 41 and Local # 81.

It is understood by the Parties of this Agreement that the wages set in this addendum shall be established and negotiated by Iron Workers Local # 395 and Laborers Local # 41 and # 81. All fringe benefits will be in conjunction with the Ironworkers and Laborers' respective Building Collective Bargaining Agreements and all provisions of those agreements, not specifically addressed in this addendum will govern the Parties of this Agreement.

See Al Reeves Dep. Exh 1-3

The addendums were signed by Reeves, representatives of Ironworkers Local # 395, and representatives of Laborers Local # 41 and # 81 ("Laborers"). The second and third consecutive addendums further specified the rate at which "Welfare, Pension, Training, CAF and BCRC" contributions were to be paid.

Reeves was not a signatory to the Laborers' CBA, was not provided with a copy of the CBA, and was not contacted by representatives of the Laborers regarding any obligations owed to its members. [*3] Furthermore, at all times Al Reeves believed that the Fencing Addendums related only to Reeves' relationship with the Ironworkers.

Case 1:08-cv-01074   Document 37   Filed 07/11/2008   Page 9 of 10

Page 2
2005 U.S. Dist. LEXIS 42046, *; 38 Employee Benefits Cas. (BNA) 1120

The Construction Workers Pension Trust Fund of Lake County and Vicinity ("Pension Fund") manages the multiemployer pension fund established under the CBAs governing both the Laborers and Ironworkers. In 2004, the fund conducted a payroll audit of Reeves for January 1, 2001 through December 31, 2003 and concluded that Reeves owed the Pension Fund more than $ 73,000 in delinquent contributions based on its obligations to the Laborers. The Pension Fund subsequently filed suit in this court pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, seeking an accounting of the number of individuals employed by Reeves and judgment in the amount determined by the audit.

Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there [*4] is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004); *Branham v. Snow*, 392 F.3d 896, 901 (7th Cir. 2004); *Windle v. City of Marion, Indiana*, 321 F.3d 658, 660-61 (7th Cir. 2003), cert. denied, 540 U.S. 873, 124 S. Ct. 223, 157 L. Ed. 2d 133 (2003). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Lawrence*, 391 F.3d at 841. A fact is material if it is outcome determinative under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Lawrence*, 391 F.3d at 841; *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004); [*5] *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir. 1990). Finally, summary judgment "will not be defeated simply because motive or intent are involved." *Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 148 (7th Cir. 1994). See also *Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999); *Plair v. E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir. 1997); *United Association of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

The inquiry performed [*6] is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

*Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511

See also *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); *Celotex Corp.*, 477 U.S. at 322-323, 106 S.Ct. at 2553; *Branham*, 392 F.3d at 901; *Lawrence*, 391 F.3d at 841; *Hottenroth*, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003) [*7] (stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

Reeves first argues that the Laborers' pension fund has no standing to bring suit under ERISA. The Circuit Courts of Appeals are split "as to whether pension plans have standing under 29 U.S.C. § 1132(d)(1) to make an ERISA claim." *Via Christi Regional Medical Center, Inc. v. Blue Cross and Blue Shield of Kansas, Inc.*, 361 F.Supp.2d 1280, 1289 (D. Kan. 2005) (collecting cases). Suggesting that the Second Circuit's view is more consistent with Supreme Court precedent, Reeves encourages the court to follow that Circuit. See, e.g., *Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Company*, 700 F.2d 889 (2nd Cir. 1983). However, the Seventh Circuit repeatedly has held that multiemployer plans have standing to sue under ERISA for delinquent contributions. See *Central States, Southeast and Southwest Areas Pension Fund v. Schilli*

Case 1:08-cv-01074   Document 37   Filed 07/11/2008   Page 10 of 10

Page 3
2005 U.S. Dist. LEXIS 42046, *; 38 Employee Benefits Cas. (BNA) 1120

*Corporation*, 420 F.3d 663, 670 (7th Cir. 2005); *Peoria Union Stock Yards Company Retirement Plan v. Penn Mutual Life Insurance Company*, 698 F.2d 320, 326 (7th Cir. 1983). [*8] See also *Coleman Clinic, Ltd. v. Massachusetts Mutual Life Insurance Company*, 698 F.Supp. 740, 744-45 (C.D. Ill. 1998). Because this court follows the Seventh Circuit, Reeves' standing argument must be rejected.

Neither the Supreme Court case on which Reeves relies, nor the Seventh Circuit cases Reeves argues are consistent with the Supreme Court, say what Reeves suggests. See *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Company*, 484 U.S. 539, 547, 108 S.Ct. 830, 835, 98 L.Ed.2d 936 (1988); *Mutual Life Insurance Company of New York v. Yampol*, 840 F.2d 421, 423 (7th Cir. 1998); *Winstead v. J.C. Penney Company, Inc.*, 933 F.2d 576, 578-79 (7th Cir. 1991). For example, the trustees of a benefit plan brought suit for unpaid contributions in *Advanced Lightweight*. See 484 U.S. at 542, 108 S.Ct. at 832. The Supreme Court simply noted that these trustees had standing but made no other comment with respect to the scope of standing under ERISA. See *Advanced Lightweight*, 484 U.S. at 548, 108 S.Ct. at 830. Similarly, [*9] the Seventh Circuit noted the circuit split in *Yampol* and expressly declined to find whether the plan itself had standing. See 840 F.2d at 423. Likewise, the *Winstead* court declined to resolve the issue because a fund's trustees, who were the plaintiffs in that case, "indisputably are ERISA fiduciaries." See 933 F.2d at 579. Because these cases do not cast doubt on the Seventh Circuit's position, they do not alter the court's ruling here.

Turning to Reeves' substantive arguments, the court interprets ERISA and LMRA claims based on labor agreements according to a federal common law of contracts. See *GCIU Employer Retirement Fund v. Chicago Tribune Company*, 66 F.3d 862, 864-65 (7th Cir. 1995). See also *Moriarty v. Muzyka*, 379 F. Supp.2d 935, 948-49 (N.D. Ill. 2005). Under federal law, the court must "interpret the terms of a contract in an ordinary and popular sense as would a person of average intelligence and experience." *GCIU*, 66 F.3d at 865 (internal quotations and alterations omitted). If the contract is not ambiguous, the court construes its terms as a matter [*10] of law, without reference to extrinsic evidence. See *GCIU*, 66 F.3d at 865; *Illinois Conference of Teamsters and Employers Welfare Fund v. Mrowicki*, 44 F.3d 451, 459 (7th Cir. 1995). Further, it is only when the contract is "truly ambigous" that the parties' subjective understandings will prevail over the terms of the contract. See *Central States, Southeast, Southwest. Areas Pension Fund v. Kroger Company*, 226 F.3d 903, 911 (7th Cir. 2000).

Reeves argues that the fencing addendums are unenforceable as pre-hire agreements under § 8(f) of the NLRA. With no citation to authority, Reeves claims that § 8(f) "simply [alters] the timing of when a collective bargaining agreement may be entered into," and suggests that § 8(f) does not authorize agreements other than a traditional CBA. See Reply Brief, pg. 3. More specifically, Reeves argues that § 8(f) does not eliminate the need for certain terms that would be present in a CBA such as an "exclusive bargaining agent" recognition clause. Therefore, Reeves' argument goes, the fencing addendums are unenforceable because they do not designate the Laborers as the exclusive [*11] bargaining agent of Reeves' workers.

According to the Seventh Circuit, "[a] pre-hire agreement is a contract agreed to by a union and an employer before the workers to be covered by the contract have been hired or before the union has attained majority status among the firm's employees." *J.W. Peters, Inc. v. Bridge, Structural and Reinforcing Iron Workers, Local Union 1, AFL-CIO,*, 398 F.3d 967, 969 n.1 (7th Cir. 2005) (en banc). Section 8(f) creates an exception to the CBA requirements in the LMRA and "allows employers in the building and construction industry to enter a collective bargaining agreement with a union before the union has attained majority status among the firm's employees. *N.L.R.B. v. O'Daniel Trucking Company*, 23 F.3d 1144, 1146 (7th Cir. 1994) (citing *New Berlin Grading Company v. N.L.R.B.*, 946 F.2d 527, 529 (7th Cir. 1991)). See also *N.L.R.B. v. Goodless Brothers Electric Company, Inc.*, 285 F.3d 102, 105 (1st Cir. 2002) ("A Section 8(f) employer-union relationship is known as a 'prerecognition agreement;' the employer does not formally recognize the union, but only agrees [*12] to bargain with it for a limited period of time.").

Pension and welfare plans, though not parties to pre-hire agreements, are third party beneficiaries of such agreements. See *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1151 (7th Cir. 1989). As third-party beneficiaries, these plans are entitled to enforce an employer's ERISA obligations pursuant to the Multiemployer Pension Plan Amendment Act ("MPPAA"), 29 U.S.C. § 1145. See *Gerber Truck*, 870 F.2d at 1152-53. The MPPAA, which adds § 515 to ERISA, states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.